### PAYNE *vs.* JACOBS, *et al.*

The finding of a jury, or of a court passing on the facts in place of a jury, and deciding upon the weight of testimony, will not be reviewed by this court, unless such finding be impeached for fraud, misconduct, or mistake, or other improper influences.

The rule laid down in *Payne* v. *The Pacific Mail Steamship Company,* (*ante*, p. 33,) approved.

APPEAL from the court of First Instance of the district of San Francisco. The facts are fully stated in the opinion of the court. The case was argued by

*Alexander Campbell*, for the plaintiff.

*Mr. Stafford*, for the defendants.

*By the Court*, HASTINGS, Ch. J. On the 5th day of December, A.D. 1849, the following entry appears on the records of the court below: "Now at this day the parties being ready for trial, the court "sitting as a jury hears the proofs, and finds for the plaintiff in "the sum of $1083 95, together with the costs and charges in "this behalf expended. It is, therefore, considered by the "court that the said plaintiff recover of the said defendants "the said sum of one thousand and eighty-three dollars, and "$\frac{95}{100}$, together with the costs and charges in this behalf ex- "pended; and that the defendants be required to prove by "their books the value of the socks, on next Saturday, at 6 "P.M., at which time the court will hear further testimony in "the case."

And again on the 6th appears the following entry:—"Now "at this day, upon a re-hearing of this case, the court sets aside "the previous judgment, and finds for the plaintiff in the sum "of $2789," and enters judgment accordingly.

On the 8th day of the same month, the defendant moves the

court to set aside the verdict and judgment for the following reasons :—1st. Because the verdict is against the law.  2d.  Because the verdict is against the evidence, and for other reasons of similar import.  Which motion the court overruled, and an appeal is taken therefrom to this court.  If it appeared from the evidence spread upon the record, that the verdict was against the law, this court would not hesitate to reverse the order of the court below ; and if it clearly appeared that by any mistake, unlawful interference of either party, or any undue influence whatever, an erroneous verdict had been rendered, a new trial would be ordered.  It appears that the plaintiff sold to the defendants three invoices of goods, amounting in the whole to the sum of $10,400, one of which invoices consisted of 977 dozens of woolen socks, and 50 pairs of blankets.  In the bill of sale it is stated that some of the bales of socks were damaged, but how many or to what extent was unknown, and the parties agreed to refer the articles damaged to J. V. Plume, and that if his decision should not be satisfactory to both parties, the purchasers should take the goods which were not damaged at the *pro rata* price at which the whole was bought, and the vendees should return the portion that should be found damaged. Under this agreement all the goods appear to have been delivered to and received by the defendants.  Mr. Plume made an estimate of the amount of damage, and came to the conclusion that it was $3000, but the defendants, as they had a right to do under the agreement, refused to abide by his decision.  From this it follows that the plaintiff was entitled to a return of that portion of the goods which was found to have been damaged ; and it appears from the testimony of Mr. Hungerford, that the defendants, upon demand made, refused to return the damaged articles.  They were therefore liable for their value.  The question then submitted to the court as a jury, was the value of the damaged goods which the defendants refused to return.  This was purely a question for a jury to pass upon, and unless for mistake, fraud, or misconduct of the jury, or other improper influences, the finding of the court should not be disturbed.  Here was a violation on the part of the defendants of the stipulations

Payne v. Jacobs.

of the contract; and should this court listen to arguments of counsel to show that the finding of the court was contrary to the weight of testimony, we should establish a precedent, which, if followed, would result in converting this bench into a jury-box. In the case of *Payne* v. *the Pacific Mail Steamship Company*, we decided that the courts below cannot lawfully interfere with the finding of a jury in such cases, and the court will not attempt to exercise a power over the verdicts of juries which it has denied to the court in which the verdict may have been rendered. It is not to be inferred from this that a court may not set aside a verdict which is clearly contrary to evidence, nor that this court will refuse to examine the evidence embodied in the record, to ascertain whether an outrage upon the rights of one of the parties has been committed by the jury; but we mean to assert the doctrine, that the finding of a jury, or a court acting as such, upon the weight of testimony, will not be reviewed by this court, unless such finding be impeached for some one of the causes above alluded to. In this case the question as to the amount of damage to the goods had, previous to its having been brought before the court of First Instance, been presented to three different sets of arbitrators, who came to as many diverse conclusions. The court below, after setting aside one judgment previously rendered, changed not only the amount of the prior judgment, but differed widely from the arbitrators; and it may not be improper here to remark, that the judges of this court are farther apart in their estimate of damages than the arbitrators and court of First Instance; and should we deem it proper to sit as a jury, weigh the testimony, and be able to agree as to the amount of damages, the conclusion to which we should come would probably be deemed by the parties no nearer right, than the opinion of those to whom they have heretofore appealed. We shall not therefore disturb the judgment of the court below, believing that we cannot do so without a violation of law, and the well known rules which regulate the proceedings of courts having this jurisdiction. The judgment of the court below is affirmed.