[Crim. No. 4741. Second Dist., Div. One. July 21, 1952.]

THE PEOPLE, Respondent, v. ROY J. BECKER, Appellant.

S. V. O. Prichard for Appellant.

Edmund G. Brown, Attorney General, Dan Kaufmann, Deputy Attorney General, S. Ernest Roll, District Attorney, Marcus R. Brandler and Thomas F. Finnerty, Jr., Deputy District Attorneys, for Respondent.

DRAPEAU, J.—The Board of Education of the City of Los Angeles contracts with private corporations for the transportation of children to and from the city schools. In 1950 and in 1951 the board made three such contracts with Landier Management Company. Other such contracts were made during, before and after the period mentioned, with which we are not concerned in this case.

The contracts here under consideration required the Landier Management Company to insure its busses against public liability and property damage, and for workmen's compensation. The company procured this insurance.

Commissions on the premiums under two of the contracts were paid to three insurance brokers, who shared them equally. One of these brokers was Mr. Roy J. Becker, who was a member of the board of education when the contracts were made. No commissions had been paid on the third contract when this case developed.

The premiums were computed upon the gross income of Landier Management Company under the contracts. Thus as the gross income increased, the premiums, and that part of the commissions paid to Mr. Becker, increased.

The grand jury presented an accusation of wilful and corrupt misconduct in office against Mr. Becker for his part in the above transactions. Section 3072 of the Government Code provides that if such an accusation is found true by the superior court the accused shall be removed from office.

The trial judge found the accused guilty and adjudged his removal from office. Mr. Becker appealed from the judgment, and then resigned. Motion to dismiss the appeal was denied by this court. So the case is now before us upon the merits.

On behalf of Mr. Becker this is to be said: He was and is a man of unquestioned honesty and integrity. He is a layman, not an attorney. He has been in the insurance business for many years. He was a member of the board of education for many years. And for many years he was insurance broker for the Landier companies, and wrote insurance of every kind here involved—all without question as to the propriety of his serving on the board of education and at the same time acting as insurance broker for transportation companies contracting with the board.

When charges were made that it was unlawful for him to participate in insurance premiums of the Landier companies in their contracts with the board of education, Mr. Becker talked with a lawyer, a deputy of the Los Angeles County Counsel, assigned to advise the board of education. That lawyer advised Mr. Becker several times that in his opinion his conduct was not illegal—at least from the facts as the lawyer understood them. And in discussions among members of the board of education, two of them lawyers, the same opinion was expressed in the presence of Mr. Becker.

Mr. Becker earnestly argues that he was not guilty of wilful or of corrupt misconduct in office, and that he should not have been branded as criminally corrupt. The argument has a genuine appeal to the sympathies of this court.

However, the phrase "wilful or corrupt misconduct in office" does not necessarily imply corruption or criminal intention. It means "simply a purpose or willingness to commit the act;"—"a wrongful design to acquire or cause some pecuniary or other advantage to the person guilty of the act." (Pen. Code, § 7, subds. 1 and 3; *People* v. *Harby*, 51 Cal.App.2d 759, 767 [125 P.2d 874].) As Mr. Presiding Justice Moore says in *People* v. *Pearson*, 111 Cal.App.2d 9, 16 [244 P.2d 35]: "The mere doing of an act forbidden by the statute is the sum total of the judgment against him."

In any event, and wherever our sympathies may lie, this court is bound by the findings made and the inferences drawn from the facts by the trial judge. ■ Under our legal system it is the province of trial courts to decide questions of fact, and of appellate courts to decide questions of law. ■ Commencing with *Payne* v. *Jacobs*, 1 Cal. 39, it has been consistently held that the findings of a jury or a court, decided upon the weight of the evidence, will not be reviewed by an appellate court. A careful review of the record discloses substantial evidence to support the findings of the trial court.

■ The substantial evidence rule is also determinative of Mr. Becker's contention that he should not have been removed from office because whatever he did was in good faith and in reliance upon the advice of counsel. The testimony is in conflict as to whether he made a fair and complete disclosure of all the facts to the deputy for the county counsel or in the meetings of the Board of Education. This conflict was resolved against him by the court. Nor would the case be. determined solely on whether Mr. Becker acted under advice of counsel or not. This fact, if it be a fact, is to be weighed and considered in conjunction with all of the evidence in the case. (*People* v. *Wyatt*, 101 Cal.App. 396 [281 P. 629].)

■ One thing more remains for decision: Whether or not, as a matter of law, a public officer may participate in insurance premiums in the circumstances in this case. Section 1011 of the Education Code reads: "No member of the governing board of any school district shall be interested in any contract made by the board of which he is a member."

It was the plain intent of the Legislature, plainly expressed in the statute, to prohibit even such an indirect interest as Mr. Becker had in the contracts of the board of education with Landier Management Company. To hold otherwise would be to introduce into the law an exception not intended or expressed by the lawmaking power.

The judgment is affirmed.

White P. J., concurred.

DORAN, J.—I concur. The issue herein revolves around the meaning and application of the phrase "interested in any contract" as provided in section 1011 of the Education Code. That section reads, "No member of the governing board of any school district shall be *interested in any contract* made

by the board of which he is a member.'' (Italics added.) The word interest has numerous meanings and applications but the obvious purpose contemplated by the section refers to an actual, specific and official interest as distinguished from a perfunctory or casual interest. Thus interpreted the provision is applicable, for the record reveals that those transporting the pupils must have liability insurance in companies approved by the board. It also appears from the record that in such insurance policies the school district is named as one of the beneficiaries, as well as the transportation company. This being so the appellant was ''interested in a contract made by the board,'' within the meaning and application of section 1011, as above quoted.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1952.