[No. B030243. Second Dist., Div. Seven. Dec. 18, 1987.]

CHARLES D. BOAGS, Petitioner, v.
THE MUNICIPAL COURT FOR THE BEVERLY HILLS
JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Nasatir & Hirsch, Richard G. Hirsch, Johnnie L. Cochran, Jr., and Harvey A. Schneider for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**THE COURT.\*—** ▮ In this case of first impression we are called upon to decide whether a judge may be charged with a crime for failing to disqualify himself from deciding proceedings, when such disqualification is made mandatory by section 170.1 of the Code of Civil Procedure. We have concluded such prosecution constitutes an improper invasion by the executive of the province of the judiciary, and is therefore violative of the separation of powers set forth in article III, section 3 of the California Constitution.[1]

Petitioner Boags is a sitting judge in the Municipal Court of Beverly Hills Judicial District, County of Los Angeles. In a two-count misdemeanor complaint he is charged with conspiring to obstruct justice and the due administration of the laws (Pen. Code, § 182, subd. 5, count I), and with

---

\*Before Lillie, P. J., Thompson, J., and Johnson, J.

[1] California Constitution, article III, section 3 provides: The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.

violating Government Code section 1222 (hereinafter Section 1222)[2] by "willfully failing to disqualify himself from deciding proceedings" in which disqualification was required by the Code of Civil Procedure (count II).[3] The respondent denied petitioner's motions to dismiss count I and for an evidentiary hearing in connection with his motion to dismiss, and overruled his demurrer to both counts. A writ petition to restrain the prosecution was denied by the superior court, and the instant petition for writ of mandate or prohibition was thereafter filed. Our review by writ is authorized by Code of Civil Procedure section 904.1, subdivision (a)(4). We will order issuance of a peremptory writ of mandate compelling the respondent to sustain the demurrer to count II, but will deny the petition as to count I.

Preliminarily, we note our Constitution and statutes contain several provisions dealing with discipline of judges for misconduct in office. Article VI, section 18, subdivision (c) of the Constitution empowers the Supreme Court, upon recommendation of the Commission on Judicial Performance (Commission), to censure or to remove a judge from the bench for misconduct in office or persistent failure to perform his duties.[4] The power to censure or remove a judge for misconduct is contingent on the Commission having so recommended, and detailed rules have been adopted by the Judicial Council implementing the constitutional provision and supplementing statutes in the Government Code[5] setting forth the Commission's procedure in conducting its investigations and formal proceedings. (Cal. Rules of Court, rule 901 et seq.)

Article IV, section 18 of the Constitution makes state judges subject to legislative impeachment "for misconduct in office," with the penalty of removal from office upon conviction. (See also Gov. Code, § 3020 et seq.)

[2] Section 1222 provides: "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor."

[3] Count II alleges Boags "did willfully and unlawfully omit to perform a duty enjoined upon him by law, to wit his duty under Code of Civil Procedure Section 170.1 (a)(1), (a)(3), (a)(4), and (a)(6) to disqualify himself from deciding proceedings in which he was required by law to disqualify himself, to wit one hundred forty-five cases of infraction violation of the parking laws of the City of Beverly Hills, evidenced by citations issued to two automobiles of which the defendant himself was registered owner and in which his son is a material witness."

[4] Article VI, section 18, subdivision (c) provides: "On recommendation of the Commission on Judicial Performance the Supreme Court may . . . (2) censure or remove a judge for action . . . that constitutes wilful misconduct in office, persistent failure or inability to perform the judge's duties, habitual intemperance in the use of intoxicants or drugs, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The commission may privately admonish a judge found to have engaged in an improper action or a dereliction of duty, subject to review in the Supreme Court in the manner provided for review of causes decided by a court of appeal."

[5] See Government Code section 68701 et seq.

Conviction (or, for that matter, acquittal) on impeachment does not bar criminal prosecution if the alleged misconduct is punishable as a crime. (Cal. Const., art. IV, § 18, subd. (b); Gov. Code, § 3040.)

A judge is also subject to the penalty of removal from office "for willful or corrupt misconduct in office" upon accusation by a grand jury and conviction after a trial by jury in the superior court. (Gov. Code, § 3060 et seq.) This special statutory proceeding is not a criminal prosecution and, although the charges may consist of acts made criminal by other statutes, they may embrace misconduct not specifically defined as a felony or misdemeanor by an express statutory provision. (See *In re Burleigh* (1904) 145 Cal. 35 [78 P. 242]; *In re Reid* (1920) 182 Cal. 88 [187 P. 7]; *People v. Elliot* (1953) 115 Cal.App.2d 410, 414 [252 P. 661].) "Willful" is interpreted as implying merely an intentional act, and neither corruption nor any other criminal intent need be proved. (See *People v. Harby* (1942) 51 Cal.App.2d 759, 767 [125 P.2d 874]; *People v. Becker* (1952) 112 Cal.App.2d 324, 326 [246 P.2d 103]; *People v. Mullin* (1961) 197 Cal.App.2d 479-485 [17 Cal.Rptr. 516].)

The foregoing provisions do not establish criminal remedies, nor do they partake of all the incidents of a criminal prosecution. They are sui generis, neither civil nor criminal in character, and have as their ultimate objective the protection of the judicial system and the public which it serves. (See *McComb v. Commission on Judicial Performance* (1977) 19 Cal.3d Spec. Trib. Supp. 1, 9-10; *People v. Hawes* (1982) 129 Cal.App.3d 930, 939 [181 Cal.Rptr. 456].) Nor do they immunize judicial officers from criminal prosecution however; criminal remedies are cumulative to the remedies afforded by the sui generis proceedings. (See, e.g., *Frazier v. Moffatt* (1951) 108 Cal.App.2d 379, 385 [239 P.2d 123]; *People v. Hawes, supra.*)

It follows that when a judicial officer violates a criminal statute, he is held to the same responsibility as any citizen. As applied to judicial officers in the performance of their judicial functions however, we have concluded Section 1222 violates the California constitutional separation of powers. Under Section 1222 as the prosecution asks us to construe this provision, the executive would be given discretion to commence a criminal action against a judge whenever it considered he had failed to properly perform his judicial duties. Hence the executive would be able to charge a judge with a misdemeanor merely for the erroneous exercise of the judicial powers vested in him by the Constitution. The doctrine of separation of powers demands that the branches of government be coequal. The judicial power therefore must be independent, and that power is compromised when an individual judge wishes to perform his functions but must first consider the possibility the prosecutor may disapprove and charge him criminally.

Section 1222 construed as the prosecution asks would make the performance of the manifold judicial duties and functions a very risky business. For example, should the executive have the option of prosecuting a judge criminally if he failed to maintain order and decorum in proceedings before him or demonstrated impatience with a lawyer or a witness (Cal. Code Jud. Conduct, canon 3A(2,3))? If he failed to comply with the requirement in Penal Code section 987.9 that application for funds for the preparation or presentation of the defense of a capital case be kept confidential (see *People v. Anderson* (1987) 43 Cal.3d 1104, 1132-1134 [240 Cal.Rptr. 585, 742 P.2d 1306])? If he communicated with a judge of the reviewing court concerning the facts of a case on appeal (Gov. Code, § 68070.5)? If he failed to decide cases within 90 days of their submission (Cal. Const, art. VI, § 19; Gov. Code, § 68210)? If he failed to render a timely decision to impose consecutive sentences (see Pen. Code, § 669; *In re Calhoun* (1976) 17 Cal.3d 75 [130 Cal.Rptr. 139, 549 P.2d 1235])? If he failed to impose a prison term made mandatory by the Penal Code (see, e.g., *People v. Thatcher* (1967) 255 Cal.App.2d 830 [63 Cal.Rptr. 492])? If he failed to give a proper instruction to the jury (see Pen. Code, § 1127; *People v. Landrum* (1968) 261 Cal.App.2d 372, 381-382 [67 Cal.Rptr. 911])? If after imposing sentence he failed to advise a defendant not represented by counsel of the right to appeal (see Cal. Rules of Court, rule 535)? If he failed to conduct a hearing on a petition for order permitting abortion without parental consent within three days after the date of filing (see Health & Saf. Code, § 25952; Cal. Rules of Court, rule 240(d))? We submit the answer to the foregoing questions is self-evident and demonstrates the constitutional infirmity of Section 1222. To allow Section 1222 to be used in this manner would place the entire judiciary at the mercy of the executive.

The People attempt to save Section 1222 by noting it criminalizes only *willful* omissions, and urging the term "willfulness" is equivalent to "bad faith." They point out the Supreme Court has defined the term "wilful misconduct" in article 6, section 18, subdivision (c) of the Constitution as a concept of specific intent, reserved for "unjudicial conduct which a judge acting in his official capacity commits in bad faith" (*Geiler v. Commission on Judicial Qualifications* (1973) 10 Cal.3d 270, 283-287 [110 Cal.Rptr. 201, 515 P.2d 1]), entailing "actual malice as the motivation for judge's acting ultra vires," and encompassing "acts within the lawful power of a judge which nevertheless are committed for a corrupt purpose." (*Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 795-796 [119 Cal.Rptr. 841, 532 P.2d 1209].)[6] The People's argument is devoid of merit.

---

[6] Curiously, the People proceed to undermine their argument by urging proceedings for removal of judges for willful misconduct in office (as defined in the Constitution) are not criminal actions and do not result in punishment but merely in sanctions, or discipline, intended for the protection of the courts and the legal profession. We are concerned here with a crimi-

The definitions in *Geiler* and *Spruance* have nothing to do with criminal proceedings, but apply only to proceedings for censure or removal of judges (see fn. 4). Section 1222 is a criminal statute. The word "willfully" is defined in section 7 of the Penal Code: "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to injure another, or to acquire any advantage." ■ Hence unless a statutory offense requires specific intent ("[w]hen the definition [of a crime] refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent" (*People* v. *Hood* (1969) 1 Cal.3d 444, 456 [82 Cal.Rptr. 618, 462 P.2d 370]), "willfully" is synonymous with "intentionally" and implies simply a purpose or willingness to commit the act. (See also *In re Smith* (1972) 7 Cal.3d 362, 364 [102 Cal.Rptr. 335, 497 P.2d 807]; *People* v. *McCree* (1954) 128 Cal.App.2d 196, 202 [275 P.2d 95]; *People* v. *Thomas* (1987) 43 Cal.3d 818, 827-828 [239 Cal.Rptr. 307, 740 P.2d 419]; CALJIC No. 1.20 (4th ed. 1979).) ■ Section 1222 defines a general intent statute, hence it criminalizes simply a willing intentional omission to perform a duty. For the reasons we have set forth, we deem such legislation unconstitutional as applied to judicial officers while engaged in the performance of their judicial functions.

Let a peremptory writ of mandate issue commanding the respondent municipal court to vacate that part of its order of May 28, 1987, overruling petitioner's demurrer to count II of the complaint in case number 87M00368, and thereafter to enter a new a different order sustaining such demurrer. In all other respects the petition is denied.

The stay order issued herein October 15, 1987, shall continue in effect until (1) all acts directed above have been performed, (2) this decision is final in all California courts, or (3) the Supreme Court grants review of this decision, whichever may first occur.

A petition for a rehearing was denied January 13, 1988, and the petition of real party in interest for review by the Supreme Court was denied March 17, 1988.

---

nal prosecution (see Pen. Code, §§ 16, 19), hence the definitions in noncriminal proceedings do not apply.