TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-301 |
| of | : | |
| | : | DECEMBER 24, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

THE FRANCHISE TAX BOARD has requested an opinion on the following question:

Does a good-faith misunderstanding of the law or a good-faith belief that one's actions did not violate the law, even though objectively unreasonable, prevent conviction under those provisions of Revenue and Taxation Code sections 19405 and 19406 that contain the element of "willfulness"?

CONCLUSION

A good-faith misunderstanding of the law or a good-faith belief that one's actions did not violate the law, if objectively unreasonable, may not prevent conviction under those provisions of Revenue and Taxation Code sections 19405 and 19406 that contain the element of "willfulness."

ANALYSIS

In *Cheek* v. *United States* (1991) ___ U.S. ___, 112 L.Ed.2d 617, the United States Supreme Court held that a good-faith misunderstanding of certain provisions of the Internal Revenue Code, leading to a good-faith belief that one's actions did not violate them, would negate the element of "willfulness" contained in the provisions and required to establish their violation, whether or not the claimed belief or misunderstanding was objectively reasonable. (*Id.* at 630.) In so doing, the court adopted a subjective standard for purposes of establishing the willfulness element in federal criminal tax prosecutions.

"Willfulness" is an element that must be proved to establish various violations of Revenue and Taxation Code sections 19405 and 19406.[1] Section 19405 states in part:

---

[1]All section references are to the Revenue and Taxation Code unless otherwise specified.

"(a) Any person who--

"(1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter,

"(2) Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation . . . of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not that falsity or fraud is with the knowledge or consent of the person authorized or required to present that return, affidavit, claim, or document,

"(3) Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the Personal Income Tax Law . . . or procures the same to be falsely or fraudulently executed or advises, aids in, or connives at that execution thereof,

"(4) Removes, deposits, or conceals, or is concerned in removing, depositing or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized . . . with intent to evade or defeat the assessment or collection of any tax imposed by this part, or

"(5) In connection with any settlement . . . willfully does any of the following:

"(A) Conceals from any officer or employee of this state any property belonging to the estate of a taxpayer or other person liable in respect of the tax.

"(B) Receives, withholds, destroys, mutilates, or falsifies any book, document, or record, or makes any false statement, relating to the estate or financial condition of the taxpayer or other person liable in respect of the tax, shall be guilty of a felony and, upon conviction thereof, shall be fined not more than twenty thousand dollars ($20,000) or imprisoned nor more than three years, or both, together with the costs of prosecution."

Section 19406 provides:

"Any person who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax imposed by this part, or who, willfully and with like intent, makes, renders, signs, or verifies any false or fraudulent return or statement or supplies any false or fraudulent information, is punishable by imprisonment in the county fail not to exceed one year, or in the state prison, or by fine of not more than twenty thousand dollars ($20,000), or by both such fine and imprisonment, at the discretion of the court."

We are asked whether the United States Supreme Court's recent decision in *Cheek* will now prevent convictions under sections 19405 and 19406 in circumstances where a defendant had a good faith misunderstanding of the law and entertained a good faith belief that his or her

actions did not violate it, even though that misunderstanding or belief was "objectively unreasonable."[2]

The term "willfully" is defined in section 7 of the Penal Code as follows:

"The word `willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to.  It does not require any intent to violate law, or to injure another, or to acquire any advantage."

Accordingly, for purposes of criminal prosecutions in California, "`Willful' is interpreted as implying merely an intentional act." (*Boags* v. *Municipal Court* (1987) 197 Cal.App.3d 65, 69.)  It "does not require proof of evil motive or intent to violate the law or knowledge of illegality." (*People* v. *Johnson* (1989) 213 Cal.App.3d 1369, 1375; see *Boags* v. *Municipal Court, supra,* 197 Cal.App.3d at 69-71; *People* v. *Gonda* (1982) 138 Cal.App.3d 774, 779; *People* v. *Williams* (1980) 102 Cal.App.3d 1018, 1029; *People* v. *Thygesen* (1979) 93 Cal.App.3d 895, 904-905; *People* v. *Park* (1978) 87 Cal.App.3d 550, 562.)  Mistake of law, including that based upon advice of counsel, provides no defense to a "willful" criminal violation. (*People* v. *Johnson, supra,* 213 Cal.App.3d at 1376; *People* v. *Gonda, supra,* 138 Cal.App.3d 774, 779-780; *People* v. *Clem* (1974) 39 Cal.App.3d 539, 542-543.)     The element of "willfulness" is thus to be distinguished from such elements as "fraud," "deceit," and "intent to evade" which do require guilty knowledge for purposes of California criminal prosecutions. (*People* v. *Johnson, supra,* 213 Cal.App.3d at 1376; *People* v. *Kuhn* (1963) 216 Cal.App.2d 695, 698-700.)

As the Supreme Court noted in *Cheek* v. *United States, supra,* 112, L.Ed.2d at 628, with respect to a defendant's claimed ignorance of the law:

"The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system. [Citations.] Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law.  This common-law rule has been applied by the Court in numerous cases construing criminal statutes. [Citations]"

However, due to the complexity of federal tax statutes, federal courts have interpreted the term "willfully" in such statutes to require proof of a specific intent to violate a "known legal duty," and having "bad faith or evil intent," an "evil motive," or "a bad purpose." (*Cheek* v. *United States, supra,* 112 L.Ed.2d at 628-629; *United States* v. *Pomponio* (1976) 429 U.S. 10, 11; *United States* v. *Bishop* (1973) 412 U.S. 346, 360-361; *United States* v. *Murdock* (1933) 290 U.S. 389, 394-396.) As explained in *Cheek*:

"The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws.  Congress has accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses.  Thus, the Court almost 60 years ago interpreted the statutory term `willfully' as used in the federal criminal tax statutes

---

[2]The objective standard requires the jury not only to determine whether a defendant actually labored under a good-faith misunderstanding of the law and believed in good-faith that his or her actions did not violate it, but also to determine whether the belief or misunderstanding was reasonable.

as carving out an exception to the traditional rule. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws." (112 L.Ed.2d at 628.)

In this context of a recognized complex tax law, the court in *Cheek* found that a violation of a "known legal duty" required the prosecution to prove "that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable." (112 L.Ed.2d at 630.) However, the court added two significant exceptions to its general holding. First, the claimed misunderstanding or belief may be so patently unreasonable that the requisite knowledge is nonetheless proved by the prosecution. The court stated:

"Of course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." (*Id.*, at 631.)[3]

Second, the defendant cannot claim the lack of a "known legal duty" if he or she knows of the duty but believes it to be illegal. For example, the defendant's belief that a tax statute is unconstitutional does not constitute a "good-faith misunderstanding of the law" or a "good-faith belief that one's actions did not violate the law." As concluded by the court:

"We . . . hold that . . . a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness, need not be heard by the jury, and if they are, an instruction to disregard them would be proper. For this purpose, it makes no difference whether the claims of invalidity are frivolous or have substance." (*Id.*, at 633.)

We do not believe that *Cheek* will significantly change the standard of proof for prosecutions in California under sections 19405 and 19406. *Cheek* itself narrowed its holding by referring to the extent of the unreasonableness of the asserted beliefs or misunderstandings as well as the types of beliefs or misunderstandings that would be cognizable. *Cheek* also had before it provisions of the Internal Revenue Code that do not track precisely with sections 19405 and 19406. (See *People* v. *Smith* (1984) 155 Cal.App.3d 1103, 1154-1155.)

It should be noted that this issue recently arose in *People* v. *Johnson, supra,* 213 Cal.App.3d 1369, regarding the meaning of the term "willful" in Corporations Code section 25401. The court stated:

"It is true that section 25401 is patterned after section 12(2) of the Securities Act of 1933, and clause (b) of rule 10b-5 under the Securities Exchange Act of 1934. (1A Marsh & Volk, Practice Under the California Securities Laws (1988) p. A-1-593.) It is also true that `[w]hen legislation has been judicially construed and a subsequent statute on the same or an analogous subject is framed in the identical language, it will ordinarily be presumed that the Legislature intended that the language as used in the later enactment would be given the like interpretation. This rule is applicable to state statutes which are patterned after federal statutes.

---

[3]This has been the law in the Ninth Circuit since at least 1974. (See *Cooley* v. *United States* (9th Cir. 1974) 501 F.2d 1249, 1252-1253, *cert. denied* (1975) 419 U.S. 1123 ["[I]f a person acts without reasonable ground for belief that his conduct is lawful, it is for the jury to decide whether he acted in good faith or whether he willfully intended to fail to file a tax return"].)

[Citations.]'  (*Los Angeles Met. Transit Authority* v. *Brotherhood of Railroad Trainmen* (1960) 54 Cal.2d 684, 688-689.)

"Nevertheless, even though federal cases interpret the federal act as requiring guilty knowledge, that does not mean that California also requires guilty knowledge. California's definition of `willfully' does not encompass guilty knowledge. Federal decisions may be helpful in interpreting state statutes analogous to federal statutes, but those federal decisions are not binding on California concerning the proper interpretation of section 25401. (*Courtney* v. *Waring* (1987) 191 Cal.App.3d 1434, 1440." (*Id.*, at 1376.)

Following *Johnson*, we are not persuaded that *Cheek* will change the law in California tax fraud prosecutions.

Most importantly, however, is the fact that sections 19405 and 19406 do not merely use the term "willfully."  For violations of these statutes, it must also be proved that the defendant made statements under penalties of perjury which he or she did "not believe to be true" (§ 19405, subd. (a)(1)), or assisted in the preparation of a "fraudulent" document (§ 19405, subd. (a)(2)), or "[c]onceals" property liable for the tax or "falsifies" any document in connection with a settlement (§ 19405, subd. (a)(5)), or has an "intent to evade any tax" (§ 19406).[4]

Consequently, these statutory violations are not in the mere "willful" category.  We do not have the situation of "well-meaning, but easily confused, mass of taxpayers" (*United States* v. *Bishop, supra,* 412 U.S. at 361) attempting to comply with complex tax regulations.  (*Cheek* v. *United States, supra,* 112 L.Ed.2 at 628-630.)  Because of the additional elements of fraud, belief of falsity, and intent to evade, the underlying concerns addressed in *Cheek* are not present here.

We do not view the reference in *People* v. *Smith, supra,* 155 Cal.App.3d at 1157, to federal law and "a known legal duty" to be inconsistent with prior California law. *Smith* specifically found with respect to the element of willfulness in section 19406: "The willfulness adds to the intent to evade that defendant achieved this intent voluntarily and intentionally." (*Id.*, at 1157.)

In answer to the question presented, therefore, we conclude that a good-faith misunderstanding of the law or a good-faith belief that one's actions did not violate the law, if objectively unreasonable, may not prevent conviction of those provisions of sections 19405 and 19406 that contain the element of "willfulness."

\* \* \* \* \*

---

[4]We note that these additional requirements have the element of guilty knowledge for which a mistake of law defense would be relevant.  (See *People* v. *Smith, supra,* 155 Cal.App.3d at 1157; *People* v. *Kuhn, supra,* 216 Cal.App.2d at 698-700.)