Filed 4/28/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| TRACY TOWNER, | B306283 |
| Plaintiff and Appellant, | (Ventura County |
| v. | Super. Ct. No. 56-2019-00527392-CU-OE-VTA) |
| COUNTY OF VENTURA et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Ventura County, Vincent J. O'Neill, Judge.  Reversed and remanded.

Pachowicz Goldenring, Mark R. Pachowicz, and Jennie Hendrickson for Plaintiff and Appellant.

The Zappia Law Firm, Edward P. Zappia, Brett M. Ehman, and Gail Wise for Defendants and Respondents.

————————————————

Tracy Towner appeals from an order granting the special motion to strike (Code Civ. Proc., § 425.16; anti-SLAPP statute)[1] filed by defendants County of Ventura (County), Ventura County Office of the District Attorney (VCDA), District Attorney Gregory D. Totten, Chief Assistant District Attorney Michael Schwartz, and outside counsel Edward Zappia (collectively, the County defendants). Towner worked for VCDA as an investigator. He alleged the County defendants terminated him for dishonesty based on his testimony at a fellow peace officer's administrative hearing before the Civil Service Commission of Ventura County (Commission). After Towner appealed the termination decision to the Commission, the County filed a petition for writ of mandate requesting the superior court enjoin the Commission from hearing Towner's appeal due to an alleged conflict of interest. The County attached as exhibits to its petition excerpts from an investigative report on Towner's conduct and notices of discipline from VCDA to Towner relating to VCDA's termination decision. The superior court denied the County's request for ex parte relief, and after a hearing, the Commission reversed the County's termination of Towner and ordered him reinstated.

Towner then filed this action, alleging five causes of action, including for violation of the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.; POBRA) and negligence per se based on violation of Penal Code 832.7.[2]

---

[1]    "SLAPP is an acronym for 'strategic lawsuits against public participation.'" (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 413, fn 2.)

[2]    All further undesignated statutory references are to the Penal Code.

2

Towner contends the trial court erred in granting the County defendants' special motion to strike the POBRA and section 832.7 causes of action because the County's disclosure of his confidential personnel records was illegal as a matter of law and therefore was not protected activity under Code of Civil Procedure section 425.16. Because the County defendants' willful disclosure of Towner's confidential personnel records without complying with mandatory procedures for disclosure was punishable as a misdemeanor under Government Code section 1222, the disclosure did not constitute protected activity. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

A.  *The Hearing on Kimberly Michael's Administrative Complaint*

VCDA hired Towner in 1997 to serve as an investigator. Towner received several promotions and became an investigative commander in June 2014. In 2017 VCDA investigator Kimberly Michael brought an administrative action alleging "fraud, favoritism, and other non-merit based factors in the promotional process." Towner testified under subpoena at the hearing on Michael's action before the Commission (Michael hearing). Following the hearing, the Commission issued a decision and order finding Towner "credibly testified that senior DA investigator Thomas Mendez had been instructed by Deputy

---

[3]  The factual background is taken from the pleadings and declarations filed in support of and in opposition to the County defendants' motion to strike. (Code Civ. Proc., § 425.16, subd. (b).)

Chief [Ken] Valentini to fail [Michael] in a 2014 promotional examination when Deputy Chief Valentini was in the role of Acting Chief.  Although senior DA investigator Mendez denied telling [Towner] this information, the commission finds that, based upon a totality of the evidence and an evaluation of the live testimony of both witnesses, [Towner's] testimony was truthful."

B.      *Towner's Termination and Related Proceedings*

On July 27, 2017, at the direction of Totten and Schwartz, VCDA opened an independent investigation into Towner's testimony at the Michael hearing.  The investigation concluded, based on interviews with Towner, Mendez, and others, that Towner had testified falsely at the Michael hearing.  On March 15, 2018 VCDA gave Towner notice of its intent to terminate him for dishonesty.  Towner submitted evidence at an administrative hearing to prove his honesty, including a polygraph test.  But on April 23, 2018 VCDA terminated Towner.

Towner requested an appeal hearing before the Commission on VCDA's termination decision.  The Commission set a hearing for September 24, 2018.  On June 4, 2018 the County filed a motion with the Commission to disqualify the Commission from presiding over the hearing based on an asserted conflict of interest, and to appoint an independent hearing officer.  On June 28, 2018 the Commission denied the motion.

On August 3, 2018 the County filed a petition for writ of mandate in the Ventura Superior Court, requesting the court enjoin the Commission from hearing Towner's appeal.  (*County of Ventura v. Ventura County Civil Service Commission et al.* (Super. Ct. Ventura County, 2018, No. 56-2018-00515881-CU-

4

WM-VTA).)  The County argued the Commission had "a clear conflict of interest" in hearing Towner's appeal because the Commission found Towner's testimony during the Michael hearing credible and the Commission was defending its decision in the then-pending writ proceeding filed by the County.  The County attached as exhibits to its petition an excerpt of the independent investigator's report recommending the allegation of dishonesty against Towner be sustained, as well as the March 15 and April 23, 2018 notices of disciplinary action relating to Towner's termination.  The notices of disciplinary action stated at the top of the first page, "**CONFIDENTIAL PERSONNEL DOCUMENT**," and at the top of each subsequent page, "**CONFIDENTIAL**."[4]

On September 4, 2018 the County filed an ex parte request to vacate the administrative hearing dates set by the Commission.  Towner opposed the County's request.  Towner did not request a protective order or seek to seal the personnel records the County had attached as exhibits to its petition.  The superior court denied the County's ex parte application.[5]  On July 12, 2019 the Commission ordered Towner reinstated with full back pay and benefits.

C.    *The Complaint*

On November 12, 2019 Towner filed the operative first amended complaint against the County defendants, alleging

---

[4]    The County filed a first amended petition on August 29, 2018, again attaching Towner's personnel records.

[5]    The record does not reflect the superior court's final decision, if any, on the writ petition.

causes of action for retaliation in violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; FEHA) (first cause action); failure to prevent discrimination, harassment, and retaliation in violation of FEHA (second cause of action); violations of POBRA (third cause of action), negligence (fourth cause of action); and negligence per se based on violations of section 832.7 (fifth cause of action). As to Towner's POBRA claim, the first amended complaint alleged the County defendants intentionally publicly disclosed his confidential personnel records in violation of Government Code sections 3300, 3303, and 3304, with knowledge the disclosure was unlawful. Towner alleged the County, VCDA, Totten, and Schwartz hired Zappia as outside counsel and directed him to file Towner's confidential personnel records in the writ proceeding. As to Towner's negligence per se claim, the first amended complaint alleged the County defendants violated section 832.7 by publicly disclosing Towner's confidential personnel records without appropriate judicial review, and "[i]n failing to abide by the statute, defendants and each of them are presumed negligent."

D.    *The County Defendants' Special Motion To Strike*

On January 6, 2020 the County defendants filed a special motion to strike the third and fifth causes of action of the first amended complaint under Code of Civil Procedure section 425.16. The County defendants argued that because the conduct alleged in the third and fifth causes of action was the filing of a writ petition in the superior court, the causes of action arose from protected activity in furtherance of the County defendants' right of petition. The County defendants asserted Towner could not establish a probability of prevailing on his claims because

6

POBRA does not protect against disclosure of confidential information and there is no private right of action for violations of section 832.7.  Further, the filing of the writ petition was absolutely privileged under Civil Code section 47, subdivision (b), and POBRA did not authorize claims against defendant Zappia.  The County defendants requested over $16,000 in attorneys' fees and costs incurred in bringing their motion.

Towner opposed the motion, arguing the third and fifth causes of action did not arise out of protected activity because the County defendants' intentional disclosure of his confidential personnel records was illegal as a matter of law, citing to the Supreme Court's decision in *Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*).  Towner asserted he had actionable claims under POBRA and section 832.7, and the litigation privilege did not apply.  Towner attached as an exhibit to his opposition an Attorney General opinion interpreting Government Code section 1222, which provides, "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor."  The Attorney General concluded "[t]he disclosure of peace officer personnel records in violation of . . . section 832.7 may constitute a crime under the terms of Government Code section 1222 if the conditions of the latter statute are met." (82 Ops.Cal.Atty.Gen. 246 (1999).)

At a hearing on March 11, 2020 the trial court granted the County defendants' motion.  In its written ruling the court found the County defendants' writ petition and attachments constituted "a written statement submitted in a judicial proceeding, and thus [was] within the scope of the [anti-]SLAPP statute."  Further, the

7

court held Towner failed to show a probability of success on the merits because the County defendants' conduct was protected by the litigation privilege under Civil Code section 47, subdivision (b), and neither POBRA nor section 832.7 provided a private right of action based on disclosure of confidential personnel records.

Towner timely appealed.

## DISCUSSION

A. *Special Motions To Strike*

A cause of action arising from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue is subject to a special motion to strike unless the plaintiff demonstrates a probability of prevailing on the claim. (Code Civ. Proc., § 425.16, subd. (b)(1); see *Barry v. State Bar of California* (2017) 2 Cal.5th 318, 321; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 381.) An "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue'" includes, in relevant part, "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." (Code Civ. Proc., § 425.16, subd. (e)(1).)

The analysis of an anti-SLAPP motion involves a two-step process. (*Barry v. State Bar of California, supra*, 2 Cal.5th at p. 321; *Baral v. Schnitt, supra*, 1 Cal.5th at p. 381.) ""First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one 'arising from' protected activity. [Citation.] If the court finds such a showing

8

has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.'" [Citations.] . . . "'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute . . . is a SLAPP, subject to being stricken under the statute.'"'" (*Barry*, at p. 321.)

We review de novo the grant or denial of a special motion to strike. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Ibid.*)

B.    *Towner Met His Burden To Show the County Defendants' Alleged Conduct Underlying His Third and Fifth Causes of Action Was Illegal as a Matter of Law*

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at p. 1062; accord, *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "'[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.'" (*Park,* at p. 1063.) "Instead, the focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] 'The only means specified in [Code of

9

Civil Procedure] section 425.16 by which a moving defendant can satisfy the ["arising from"] requirement is to demonstrate that the defendant's conduct by which [the] plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) . . . .' [Citation.]  In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Ibid.*, italics omitted.)

The County defendants argue the conduct giving rise to Towner's POBRA and section 832.7 claims—the public disclosure of Towner's confidential personnel records—arose from protected activity in furtherance of the right of petition because the filings constituted written statements made before a judicial proceeding authorized by law, pursuant to Code of Civil Procedure section 425.16, subdivision (e)(1).  ""Any act'" under [Code of Civil Procedure] section 425.16, subdivision (b)(1) 'includes communicative conduct such as the filing, funding, and prosecution of a civil action.'" (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113; accord, *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 ['"Any act'" under the statute includes "qualifying acts committed by attorneys in representing clients in litigation"].)

Towner does not dispute that the filing of written documents in a judicial proceeding generally falls within the protection of the anti-SLAPP statute, but he contends Code of Civil Procedure section 425.16 does not apply to his claims because the County defendants' public disclosure of his confidential personnel records was illegal as a matter of law under *Flatley, supra*, 39 Cal.4th 299.  Towner is correct.

10

In *Flatley*, the plaintiff alleged causes of action for civil extortion, intentional infliction of emotional distress, and wrongful interference with economic advantage against an attorney who threatened to publicize a rape allegation against the plaintiff if he did not pay a multimillion-dollar settlement. (*Flatley, supra*, 39 Cal.4th at pp. 307-309.) The Supreme Court affirmed the denial of the attorney's special motion to strike under the first prong, holding, "[W]here a defendant brings a motion to strike under [Code of Civil Procedure] section 425.16 based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the defendant's exercise of protected speech or petition rights, but either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action. In reaching this conclusion, we emphasize that the question of whether the defendant's underlying conduct was illegal as a matter of law is preliminary, and unrelated to the second prong question of whether the plaintiff has demonstrated a probability of prevailing, and the showing required to establish conduct illegal as a matter of law—either through defendant's concession or by uncontroverted and conclusive evidence—is not the same showing as the plaintiff's second prong showing of probability of prevailing." (*Flatley*, at p. 320; accord, *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 286-287 ["[O]nce the defendant has made the required threshold showing that the challenged action arises from assertedly protected activity, the plaintiff may counter by demonstrating that the underlying action was illegal as a matter of law because either the defendant

11

concedes the illegality of the assertedly protected activity or the illegality is conclusively established by the evidence presented in connection with the motion to strike."].)

The Courts of Appeal analyzing the Supreme Court's decision in *Flatley* have found the use of the phrase "illegal" in *Flatley* was intended to mean criminal, not merely a violation of a statute. (See *Collier v. Harris* (2015) 240 Cal.App.4th 41, 57 ["A defendant who violates Business and Professions Code section 17525 is not guilty of a crime and therefore the anti-SLAPP statute would apply even if [defendant]'s conduct violated that statute."]; *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654 [defendant's alleged violations of § 290.46, subd. (*l*), which prohibits certain uses of information disclosed on Megan's Law sex offender website, did not fall within the *Flatley* exception because the statute did not provide a violation was a misdemeanor or felony, but rather "expressly prescribes *civil* remedies—including actual and exemplary damages, and a civil penalty—for a violation of its provisions"].) As the *Mendoza* court explained, "[A] plaintiff's complaint *always* alleges a defendant engaged in illegal conduct in that it violated some common law standard of conduct or statutory prohibition, giving rise to liability, and we decline to give plaintiffs a tool for avoiding the application of the anti-SLAPP statute merely by showing any statutory violation." (*Mendoza*, at p. 1654.)

Towner contends the County defendants violated section 832.7 by publicly disclosing his confidential personnel records without submitting the documents to the statutorily prescribed judicial review. "In relevant part, section 832.7, subdivision (a), provides that certain '[p]eace officer or custodial officer' records

12

and 'information obtained from these records, [] are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.'" (*Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1283 (*Copley*).) The statute applies to "personnel records" (§ 832.7, subd. (a)), defined to include "any file maintained under [an officer's] name by his or her employing agency and containing records relating to . . . [¶] . . . [e]mployee advancement, appraisal, or discipline." (§ 832.8, subd. (a)(4).) The County defendants do not dispute that they failed to comply with section 832.7 and Evidence Code section 1043.[6]

Although section 832.7 provides a comprehensive and detailed scheme for the disclosure of confidential law enforcement personnel records, it does not make a violation a crime. However, as Towner contends, the County defendants' failure to comply with section 832.7 was illegal as a matter of law under Government Code section 1222, which makes a public officer's "willful omission to perform any duty enjoined by law" a misdemeanor. We agree with Towner that the County defendants' failure (omission) to treat Towner's personnel documents as confidential was willful, in that the County defendants acted on purpose with the intent the records be filed publicly in the writ proceeding. (See § 7(1) ["The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to

---

[6]     Evidence Code section 1043 provides that a party seeking disclosure of peace officer personnel records must file a written motion showing good cause for the disclosure. (*Id.,* subds. (a), (b)(3).)

violate law, or to injure another, or to acquire any advantage."]; *In re V.V.* (2011) 51 Cal.4th 1020, 1027 ["'"[T]he terms 'willful' or 'willfully,' when applied in a penal statute, require only that the illegal act or omission occur 'intentionally,' without regard to motive or ignorance of the act's prohibited character."'"]; *Boags v. Municipal Court* (1987) 197 Cal.App.3d 65, 71 ["Section 1222 defines a general intent statute, hence it criminalizes simply a willing intentional omission to perform a duty."].)[7]

Our conclusion is consistent with the Attorney General's opinion "[t]he disclosure of peace officer personnel records in violation of Penal Code section 832.7 may constitute a crime under the terms of Government Code section 1222 if the conditions of the latter statute are met." (82 Ops.Cal.Atty.Gen. 246 (1999).) The opinion explains "the disclosure must be proved to be 'willful' to come within the terms of [Government Code section 1222], among other requirements." (*Ibid*.) Although we are not bound by the Attorney General's interpretation of a statute, " '[a]bsent controlling authority, [the Attorney General's opinion] is persuasive because we presume that the Legislature was cognizant of the Attorney General's construction of [the statute] and would have taken corrective action if it disagreed with that construction.' " (*Ennabe v. Manosa* (2014) 58 Cal.4th

---

[7] The Court of Appeal in *Boags* concluded Government Code section 1222 was unconstitutional as applied to judicial officers while engaged in the performance of their judicial functions because it violated the separation of powers doctrine. (*Boags v. Municipal Court, supra*, 197 Cal.App.3d at p. 71.) The court granted the petition of a sitting judge to restrain prosecution of criminal charges against him based on his refusal to disqualify himself from a pending matter. (*Id*. at pp. 67-68.)

14

697, 717, fn. 14; accord, *Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1087, fn. 17 ["Attorney General opinions are entitled to considerable weight."]; *Riverside County Sheriff's Dept. v. Zigman* (2008) 169 Cal.App.4th 763, 771 ["The opinions of the Attorney General are not binding on this court, of course, but they are entitled to 'great respect.'"].)

The County defendants do not argue their failure to follow the requirements of section 832.7 was not willful, nor do they argue Government Code section 1222 does not apply to omissions under section 832.7. Instead, the County defendants contend they were not required to comply with section 832.7 before publicly disclosing Towner's personnel files in the writ proceeding, pointing to language in section 832.7, subdivision (a), that the "section shall not apply to investigations or proceedings concerning the conduct of peace officers or custodial officers, or an agency or department that employs those officers, conducted by a grand jury, a district attorney's office, or the Attorney General's office." The County defendants argue their conduct fell within this exception because the writ proceeding was a part of VCDA's investigation of Towner's conduct. The County defendants read the statutory exception too broadly.

The Court of Appeal in *Fagan v. Superior Court* (2003) 111 Cal.App.4th 607 (*Fagan*) rejected the same argument made by the County defendants here. There, two police officers charged with felony assault and battery filed a motion for protective order to prevent the district attorney from disclosing urinalysis test results obtained from the officers' confidential personnel files. (*Id*. at p. 610.) The Court of Appeal concluded the district attorney had properly obtained the test results under the "limited exception" for investigations and proceedings

15

involving officer conduct under section 832.7, subdivision (a). (*Fagan*, at pp. 615, 618-619.) However, the district attorney could not publicly disclose the test results without first obtaining judicial review under Evidence Code section 1043. (*Fagan*, at p. 619.)

The *Fagan* court rejected the People's argument "the exception in section 832.7, subdivision (a) applies to both its confidentiality provision and its limitation on disclosure so that when the district attorney investigates or prosecutes police officer or police agency misconduct, he not only has unfettered access to confidential police personnel files, but there are no constraints on his use or disclosure of any information obtained from those files." (*Fagan, supra*, 111 Cal.App.4th at p. 617.) The court reasoned such an interpretation would "lead[] to the absurd consequence that the protections specified in that section are completely lost for all information in any peace officer's personnel file (§ 832.8) perused by the district attorney in the course of an investigation, regardless of whether that information is ultimately admissible or relevant to a subsequent criminal or civil action. Moreover, this loss of confidentiality would occur with no notice to the officers involved, and they would have no recourse." (*Fagan*, at p. 617.) The court concluded, "The exception contained in section 832.7 affords the district attorney the ability to review confidential peace officer personnel files when investigating police misconduct without notice to the individuals involved. At the same time, it requires the district attorney to maintain the nonpublic nature of the files absent

16

judicial review of the relevance of the information to a criminal or civil action." (*Fagan*, at p. 618.)[8]

We agree with the *Fagan* court's analysis and reject the County defendants' reliance on the limited exception in section 832.7, subdivision (a).[9] Thus, Towner has carried his burden to show the alleged conduct of the County defendants underlying his third and fifth causes of action was illegal as a matter of law under *Flatley* because it constituted a willful omission to perform a public duty enjoined by law (Gov. Code, § 1222), and was therefore not protected activity under the anti-SLAPP statute.

---

[8] At oral argument, defense counsel sought to distinguish *Fagan* as involving the conduct of off-duty peace officers, but the *Fagan* court concluded section 832.7 applied to the officers' personnel files regardless of whether the conduct for which they were disciplined occurred while they were off duty. (See *Fagan, supra*, 111 Cal.App.4th at p. 615 ["Although they were offduty, petitioners were nonetheless police officers and under a duty to protect the public."].)

[9] Because we conclude the County defendants did not make a threshold showing under the first prong of the anti-SLAPP statute that Towner's third and fifth causes of action arose from protected activity, we do not reach the County defendants' arguments under the second prong that Towner failed to show a probability of success because (1) there is no private right of action under section 832.7 or POBRA; (2) the County defendants' conduct was protected by the litigation privilege under Civil Code section 47, subdivision (b); (3) Totten's and Schwartz's conduct was privileged under Government Code section 820.2; and (4) POBRA does not authorize any claim against Zappia.

17

# DISPOSITION

The order granting the special motion to strike under Code of Civil Procedure section 425.16 is reversed.  The cause is remanded to the trial court with directions to enter an order denying the motion.  Towner is to recover his costs on appeal.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.