[No. D032205. Fourth Dist., Div. One. Jan. 7, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
GLEN COX, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of DISCUSSION part B.

1372

## COUNSEL

Lynne G. McGinnis, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura W. Halgren, Craig S. Nelson and Ilana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, Acting P. J.**—Glen Cox was found guilty of failing to register as a sex offender. (Pen. Code,[2] § 290, subds. (a)(1), (f), (g)(2).) He was granted probation on the condition, among others, that he serve 180 days in jail. Cox appeals, arguing insufficient evidence to support the conviction and imposition of improper conditions of probation.

### FACTS

### A. *Prosecution Case*

Appellant had a prior conviction that required he register as a sex offender pursuant to section 290. Appellant moved from Oceanside to a trailer park in Encinitas on February 5, 1998. On March 31, 1998, Sheriff's Detective Daniel Laibach went to the trailer park and placed appellant under arrest for failing to register as a sex offender. At the jail, appellant was reminded he had signed a lifetime requirement he register as a sex offender and that when he moved to Encinitas he failed to so notify the authorities. Appellant replied that he forgot to register. Appellant asked to register. The detective explained that when he got out of jail he would have go to the sheriff's licensing division, which was at another location.

On April 14, 1998, the detective went back to the Encinitas trailer park and saw appellant's truck parked at his trailer.

[2]All statutory references are to the Penal Code unless otherwise specified.

On April 28, 1998, appellant was contacted by a Carlsbad police officer concerning a registration problem with his truck. When the officer asked appellant if he had ever been arrested, he stated he had and that he was required to register as a sex offender. When the officer asked if he had registered, appellant stated he had not yet registered at his new address. Appellant stated he asked to register when he was taken to jail but was told he could not register there. Appellant told the officer he believed he had 30 days to register and that he believed he still had time.

On July 6, 1998, appellant registered with the sheriff's office.

A custodian of records for the Oceanside Police Department testified appellant registered pursuant to section 290 in Oceanside on July 25, 1997, and registered again on May 18, 1998.

### B. *Defense*

Appellant testified when he moved from Oceanside to Encinitas he forgot to register because he was busy with the move. When he was arrested and taken to the Encinitas sheriff's substation, he asked to register but was told he would have to register with the sheriff's licensing division at another location.

Appellant spent three days in jail after his April 2 arrest. Upon his release, a jail clerk told him that he had 30 days to register as a sex offender.

Shortly after his release, appellant was evicted from his Encinitas residence and made plans to return to Oceanside on May 1. Appellant was arrested again on April 28 for failure to register. Between April 2 and April 28 appellant had possession of a pickup truck but did not have proof of ownership of the vehicle for the entire period. Appellant stated he did not register because he thought he had 30 days to do so, he was unable to do so because he did not have title to the truck and therefore had no transportation and was not required to register because he was no longer a resident of Encinitas after being evicted from the trailer park.

### DISCUSSION

### A. *Section 290 and Willfulness*

Appellant argues the trial court, the trier of fact in this case, misinterpreted the element of willfulness required for a violation of section 290, subdivision (g)(2), with the result that it failed to consider appellant's

defense that he did not willfully violate the section since he forgot he was required to register.

### 1. *Background*

The information charged that "[o]n or about and between March 31, 1998 and April 28, 1998," appellant, a person required to register as a sex offender pursuant to section 290, "did wilfully and unlawfully fail to inform, in writing within five days the law enforcement agency or agencies with whom he or she last registered of a change of residence address . . . , in violation of [section] 290(a)(1)(f)(g)(2)."

Section 290, subdivision (a)(1)(A), requires, for the purposes of this case, persons convicted of certain crimes to register with the applicable law enforcement agency within five days of becoming a resident of a city or county.

Section 290, subdivision (f)(1), requires a registrant who changes his residence address to so inform in writing within five days the police agency with which he last registered. Section 290, subdivision (g)(2), states in part that any person who is required to register based on a felony conviction "who willfully violates any requirement of [the] section . . . is guilty of a felony."

As we understand the information, the evidence, the arguments of counsel and the comments of the trial court, there were two theories supporting appellant's conviction: first, his failure to inform the Oceanside Police Department, in writing, within five days that he had changed his residence address; and second, his failure to notify the sheriff's department within five days that he was residing in an area under its jurisdiction.

These two omissions involved two separate time periods defined by the defenses offered. The first was the time period beginning five working days after his February 5, 1998, move from the City of Oceanside to an unincorporated area of San Diego County. As to this period, appellant claimed his failures to inform and register were not willful since he had forgotten he was required to do so. After his arrest for violations of section 290 on March 31, 1998, appellant could no longer defend on a claim of memory failure, since as to that period he stated he had been informed by someone at the sheriff's department he had 30 days to fulfill his registration requirements and that in any case he had no means of transportation to the sheriff's registration office. His failures to inform and register were, therefore, after March 31, also not willful.

In finding appellant guilty, the trial court interpreted willfulness in the context of section 290, subdivision (g)(2), as not requiring that a defendant who had been informed of his legal obligations, actually remembered he was required to inform and register. The trial court found any other interpretation absurd and stated that to require proof the defendant actually remembered his duty would do much to render the registration requirement meaningless.

The court made no comment on appellant's defense that after his arrest on March 31, 1998, someone told him at the sheriff's department that he was not required to register for 30 days. In finding appellant guilty, the trial court clearly relied on appellant's failure to inform and register between his move on February 5, 1998, and his arrest on March 31, 1998. The court stated it found that at the time of appellant's arrest on March 31, 1998, he had been living at a residence in an unincorporated area of the county for a month and a half and had failed both to register with the sheriff and to inform the Oceanside Police Department of his new address.

## 2. *Discussion*

■ Appellant essentially argues the trial court erroneously rejected the consideration of a legitimate defense, i.e., he did not willfully fail to inform and register since he forgot he was required to do so.

In *People v. Garcia* (2001) 25 Cal.4th 744 [107 Cal.Rptr.2d 355, 23 P.3d 590], the court considered whether the willful failure to register element of section 290, subdivision (g)(3), required actual knowledge of the duty to register or whether actual notification of the registration requirement was sufficient. In *Garcia* there was evidence the defendant was repeatedly notified of his duty to register. Nonetheless, he defended on the basis that he was unaware he was required to register as a sex offender and that no one advised him of that requirement.

Our Supreme Court concluded that when a crime requires a willful failure to perform a required act, a defendant is guilty only if he or she had actual knowledge of the duty to act. The court stated: "The word 'willfully' implies a 'purpose or willingness' to make the omission. [Citation.] Logically one cannot purposely fail to perform an act without knowing what act is required to be performed. As stated in *People v. Honig* (1996) 48 Cal.App.4th 289, 334 [55 Cal.Rptr.2d 555], 'the term "willfully" . . . imports a requirement that "the person knows what he is doing." [Citation.] Consistent with that requirement, and in appropriate cases, knowledge has been held to be a concomitant of willfulness. [Fn. omitted.]' Accordingly, a violation of section 290 requires actual knowledge of the duty to register." (*People v. Garcia, supra*, 25 Cal.4th at p. 752.)

### 3. *Analysis*

We conclude there is a fundamental difference between Garcia's claim that he did not know he was required to register and appellant's claim that he forgot to register. Forgetting presupposes knowledge. Appellant, in our view, conceded that he had actual knowledge of the registration requirement. Human beings store in their brains a myriad of facts. At any given time the vast majority of those facts are in storage waiting for some cue to bring them to conscious recognition. A spouse may forget a wedding anniversary, a patient a medical appointment; such lapses arise not from a lack of actual knowledge but a failure to respond to cues. Persons keep calendars and appointment books, ask others to remind them of duties and obligations and tie strings around their fingers all to insure that important responsibilities are met. We conclude that within this context one willfully fails to register when possessed of actual knowledge of the requirement he or she forgets to do so.

We think it is inconceivable the Legislature could have intended otherwise. Because the Legislature believed it is essential the authorities know at all times the whereabouts of those who have been convicted of committing sex offenses, it has created a demanding and rigorous registration scheme. (See *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527-528 [63 Cal.Rptr.2d 322, 936 P.2d 101].)

A person convicted of a qualifying crime is required to register for the rest of his life. (§ 290, subd. (a)(1)(A).) A registrant with no residence address is required to update his registration every 90 days. (§ 290, subd. (a)(1)(B).) A registrant is required to register annually within five working days of his birthday. (§ 290, subd. (a)(1)(C).) He must within five working days register with the police agency of the location where he has taken up residence. (§ 290, subd. (a)(1)(A).) He must within five working days notify the police agency with which he last registered of any change of address. The agency must within three days notify the Department of Justice, which in turn must notify the jurisdiction to which the registrant is moving. (§ 290, subd. (f)(1).) A registrant must notify within five days the police agency of the location in which he resides of any change of name and it must so notify the Department of Justice. (§ 290, subd. (f)(2).)

Section 290, subdivisions (b)(1), (2), (c), requires all registrants on release from confinement or to probation be informed of their registration requirements. The official who explains the registration requirement must sign a form required by the Department of Justice indicating the notification has been given. The official is required to obtain the address where the registrant plans to reside and report it to the Department of Justice and the police

agency responsible for that location. If the qualifying conviction was for a felony, the notification required must be made not later than 45 days before the registrant's release from confinement.

When changes have been made in registration requirements, the Legislature has made provision for registrants to be so informed. The Legislature has provided that the failure to receive such notification is a defense to a charged failure to comply with the new requirement. (See, e.g., § 290, subd. (*l*)(1).)

The Legislature obviously believes it is of great importance that those who have committed qualifying sex offenses be readily available for police surveillance. (See *Wright v. Superior Court, supra,* 15 Cal.4th at p. 527.) To this end the Legislature has created a registration scheme that places strict demands not only on registrants but also on state and local agencies. The legislation also contains strict requirements for notification to registrants of their obligations under section 290. In the face of such rigorous notification and registration requirements, it is unreasonable to believe that in this context the Legislature intended that a mere lapse of memory would excuse a failure to register. There are simply some things that cannot be forgotten. To allow forgetfulness to excuse a failure to register, would serve, in this context, as an incentive not to remember.

The willfulness element of section 290 requires actual knowledge of the registration requirement. We take that to mean that the defendant has become actually aware of the duty to register. Once a person is made aware of the registration responsibility, he or she may not defend on the basis that the requirement simply "slipped" his or her mind.

B. *Conditions of Probation**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Nares, J., and Haller, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 20, 2002. Brown, J., did not participate therein.

---

*See footnote 1, *ante,* page 1371.