[No. S115438. Aug. 30, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD BARKER, Defendant and Appellant.

COUNSEL

Richard Such, under appointment by the Supreme Court, for Defendant and Appellant.

Jack Funk, Assistant Public Defender, for California Public Defenders Association as Amicus Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Gerald A. Engler and Mary Jo Graves, Assistant Attorneys General, Rene A. Chacon, Laurence K. Sullivan, Ronald E. Niver, Stan Cross and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN, J.—** ■ A registered sex offender must, within five working days of the offender's birthday, update his or her registration. (Pen. Code, § 290, subd. (a)(1)(D).)[1] Willful failure to update one's registration is a felony. (§ 290, subd. (g)(2), hereafter section 290(g)(2).) The question presented by this case is whether the *willfulness* element of the offense may be negated by *just forgetting* to register. We conclude it may not be.

### FACTUAL AND PROCEDURAL BACKGROUND

Because the issue before us is narrow, the facts may be briefly stated. Defendant is a registered sex offender. He was required to register because of two rape convictions; he was also convicted of attempted rape. His victims were 70, 73, and 84 years of age. He beat them so severely they were hospitalized; the 84-year-old was in critical condition for three days.

Defendant understood his birthday triggered an obligation to update his registration. In 1996, 1997, and 1998, he signed and dated boxes on forms that recited this obligation. Seven months before he committed this offense, defendant again signed a sex offender registration form. On this form he initialed 15 statements advising him of his various registration obligations, including the following statement: "I must, annually, within 5 working days of my birthday, go to the law enforcement agency having jurisdiction over my location or place of residence and update my registration, name, and vehicle registration."

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

Nevertheless, in 2000, defendant failed, by his own admission, to update his registration within five working days of his birthday, as required by section 290, former subdivision (a)(1)(C) (now subd. (a)(1)(D)). When he was arrested, defendant acknowledged he had not only initialed the advisements regarding his registration obligations, but also that he had read and remembered them. Asked why he had failed to update his registration within the grace period, defendant responded, "[B]ecause I'm in a program, I'm a house manager," a job that "keeps me busy all the time." Pressed further, he said, "Well, you know what, I totally forgot about it, I'm not going to make up no excuses." Asked whether it was safe to say his annual registration obligation had "[k]ind of just skipped [his] mind," defendant answered, "Yes."

Defense counsel summed up his theory of the case in his argument to the jury: "This is a man that forgot to do what the law requires him to do. Period." Counsel added: "He has a history of registration. . . . It's in the evidence. Look at it. This is a guy that does register. In this instance, he forgot."

A jury convicted defendant of one count of violating section 290(g)(2), based on his failure to update his registration within five working days of his birthday (see § 290, former subd. (a)(1)(C), now subd. (a)(1)(D)). The jury acquitted him of a second count of violating section 290(g)(2), which count alleged he had failed to register within five days of changing his residence (§ 290, subd. (a)(1)(A)).

After denying defendant's motion for a new trial, the trial court dismissed all but one of his 10 prior strike convictions in the interests of justice pursuant to section 1385. It then sentenced appellant to state prison for a total term of nine years as follows: the upper term of three years on count 1, doubled under the three strikes law to six years, plus three consecutive one-year terms as to the prior prison terms charged pursuant to section 667.5, subdivision (b). The trial court observed that "even a technical violation of the registration requirements by a man with defendant's record is a very serious matter. . . . And with 10 prior strikes, nine of which are for the sort of conduct which, in my view, should have gotten him a life sentence when he did it, but the laws were not available to accomplish that at that time, . . . a man with that record has to be very careful to comply with all the laws and probably shouldn't spit on the sidewalk."

The Court of Appeal affirmed the judgment. "In sum, we hold that simply forgetting is not a defense to a charge of violating section 290, and [defendant's] present claim that he lacked the necessary willfulness to

commit the charged offense because he forgot the annual registration updating requirement is meritless. For that reason, the trial court did not err in instructing the jury that 'forgetting to register by itself does not provide a defense to a charge of *willful failure to register.*' The *instruction was a correct* statement of the law; forgetting the mandatory registration requirement of section 290 is simply not a legitimate defense to the charge of willfully failing to register. Section 290 imposes a duty upon all registrants, once they have received and understood advisement of the duty to register, to *remember and fulfill* that legal obligation. We do not believe the Legislature intended that a defendant could successfully evade this duty by claiming that 'I totally forgot about it.' "

We affirm the judgment of the Court of Appeal.

## DISCUSSION

The statutory context in which this question arises was set forth by the Court of Appeal. "As amended in 1996, 1997 and 1998, and in effect at the time appellant registered in August 1999, section 290 provided in pertinent part that every person convicted of an enumerated sex offense is required 'for the rest of his . . . life while residing in . . . California . . . to register . . . within five working days of coming into, or changing his . . . residence or location within, any city, county, or city and county . . . in which he . . . temporarily resides.' (§ 290, former subd. (a)(1)(A), as amended by Stats. 1996, ch. 909, § 2; Stats. 1997, ch. 821, § 3; Stats. 1997, ch. 821, § 3.5; and Stats. 1998, ch. 930, § 1.1; see § 290, present subd. (a)(1)(A).) In addition, '[b]eginning on his . . . first birthday following registration or change of address, the person shall be required to register annually, within five working days of his . . . birthday, to update his . . . registration . . . , including, verifying his . . . name and address, or temporary location, on a form as may be required by the Department of Justice.' (§ 290, former subd. (a)(1)(C), as amended by Stats. 1997, ch. 821, § 3.5 and Stats. 1998, ch. 930, § 1.1; see § 290, present subd. (a)(1)(D).) A person required to register because of a felony conviction who 'willfully violates' the registration provisions 'is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years.' (§ 290, former subd. (g)(2), as amended by Stats. 1994, ch. 867, § 2.7; see now § 290, present subd. (g)(2).)"

*People v. Cox* (2002) 94 Cal.App.4th 1371 [115 Cal.Rptr.2d 123] (*Cox*) *was the first case to address the question whether just forgetting to register* may negate the willfulness requirement of section 290(g)(2). *Cox* held, "Once

a person is made aware of the registration responsibility, he or she may not defend on the basis that the requirement simply 'slipped' his or her mind." (*Cox*, at p. 1377.)

In reaching this conclusion, the *Cox* court found our decision in *People v. Garcia* (2001) 25 Cal.4th 744 [107 Cal.Rptr.2d 355, 23 P.3d 590] (*Garcia*) distinguishable. In *Garcia*, the defendant contended the trial court prejudicially erred in failing to make clear in its instructions to the jury that "a 'willful' failure to register requires a finding that [a defendant] *actually knew* about his duty to register." (*Id.* at p. 751.) The Attorney General responded that "actual knowledge is not an element of the offense, and that it was sufficient to find that the appropriate officers *notified* defendant of his duty, as required by section 290." (*Ibid.*)

■ We agreed with the defendant in *Garcia*. "In a case like this, involving a *failure* to act, we believe section 290 requires the defendant to actually know of the duty to act. Both today and under the version applicable to defendant, a sex offender is guilty of a felony only if he 'willfully violates' the registration or notification provisions of section 290. (§ 290, former subd. (g)(3), as amended by Stats. 1994, ch. 867, § 2.7, p. 4393; § 290, present subd. (g)(3).) The word 'willfully' implies a 'purpose or willingness' to make the omission. (§ 7.) Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. As stated in *People v. Honig* (1996) 48 Cal.App.4th 289, 334 [55 Cal.Rptr.2d 555], 'the term "willfully" . . . imports a requirement that "the person knows what he is doing." [Citation.] Consistent with that requirement, and in appropriate cases, knowledge has been held to be a concomitant of willfulness. [Fn. omitted.]' ■ Accordingly, a violation of section 290 requires actual knowledge of the duty to register. A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement." (*Garcia, supra*, 25 Cal.4th at p. 752.) We concluded, however, the potentially misleading instructions given the jury with regard to the actual knowledge requirement were harmless beyond a reasonable doubt because there was strong evidence the defendant did actually know of the registration requirements. (*Id.* at p. 755.)

The *Cox* court found *Garcia* distinguishable on the following grounds: "We conclude there is a fundamental difference between Garcia's claim that he did not know he was required to register and appellant's claim that he forgot to register. Forgetting presupposes knowledge. Appellant, in our view, conceded that he had actual knowledge of the registration requirement. Human beings store in their brains a myriad of facts. At any given time the vast majority of

those facts are in storage waiting for some cue to bring them to conscious recognition. A spouse may forget a wedding anniversary, a patient a medical appointment; such lapses arise not from a lack of actual knowledge but a failure to respond to cues. Persons keep calendars and appointment books, ask others to remind them of duties and obligations and tie strings around their fingers all to insure that important responsibilities are met. We conclude that within this context one willfully fails to register when possessed of actual knowledge of the requirement he or she forgets to do so." (*Cox, supra,* 94 Cal.App.4th at p. 1376.)

"There are simply some things," the *Cox* court observed, "that cannot be forgotten." (*Cox, supra,* 94 Cal.App.4th at p. 1377.) "We think it is inconceivable the Legislature could have intended otherwise. Because the Legislature believed it is essential the authorities know at all times the whereabouts of those who have been convicted of committing sex offenses, it has created a demanding and rigorous registration scheme. (See *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527–528 [63 Cal.Rptr.2d 322, 936 P.2d 101].)" (*Cox,* at p. 1376.)

As the *Cox* court observed, the registration scheme "places strict demands not only on registrants but also on state and local agencies." (*Cox, supra,* 94 Cal.App.4th at p. 1377.) "A person convicted of a qualifying crime is required to register for the rest of his life. (§ 290, subd. (a)(1)(A).) A registrant with no residence address is required to update his registration every 90 days. (§ 290, subd. (a)(1)(B).) A registrant is required to register annually within five working days of his birthday. (§ 290, subd. (a)(1)(C).) He must within five working days register with the police agency of the location where he has taken up residence. (§ 290, subd. (a)(1)(A).) He must within five working days notify the police agency with which he last registered of any change of address. The agency must within three days notify the Department of Justice, which in turn must notify the jurisdiction to which the registrant is moving. (§ 290, subd. (f)(1).) A registrant must notify within five days the police agency of the location in which he resides of any change of name and it must so notify the Department of Justice. (§ 290, subd. (f)(2).) [¶] Section 290, subdivisions (b)(1), (2), (c), requires all registrants on release from confinement or to probation be informed of their registration requirements. The official who explains the registration requirement must sign a form required by the Department of Justice indicating the notification has been given. The official is required to obtain the address where the registrant plans to reside and report it to the Department of Justice and the police agency responsible for that location. If the qualifying conviction was for a felony, the notification required must be made not later than 45 days before the registrant's release from confinement. [¶] When changes have

been made in registration requirements, the Legislature has made provision for registrants to be so informed. The Legislature has provided that the failure to receive such notification is a defense to a charged failure to comply with the new requirement. (See, e.g., § 290, subd. (l)(1).)" (*Cox*, at pp. 1376–1377.)

"In the face of such rigorous notification and registration requirements," the *Cox* court concluded, "it is unreasonable to believe . . . the Legislature intended that a mere lapse of memory would excuse a failure to register. There are simply some things that cannot be forgotten. To allow forgetfulness to excuse a failure to register, would serve, in this context, as an incentive not to remember." (*Cox*, *supra*, 94 Cal.App.4th at p. 1377.)

In this case, the Court of Appeal was divided. The majority of the court agreed with *Cox*. "[W]e are of the opinion that—*as a matter of law*—forgetting, by itself, does not negate willfulness for purposes of a charge of violating the registration updating requirement of section 290. . . . [¶] Section 290 imposes a statutory obligation to register and reregister at certain times and under enumerated conditions. As is the case with any legal obligation, inherent in that statutory mandate is the duty not to forget to perform it. In contrast to the kind of subjective 'forgetfulness' defense argued by appellant here, under the statutory definition of 'willfully' found at section 7, subdivision 1, an omission to act would *not* be 'willful' if objective circumstances beyond the defendant's control prevented him from acting. For example, a debilitating injury, illness or mental infirmity might objectively *prevent* a defendant from registering in timely fashion, thereby rendering 'unwillful' the defendant's failure to register in compliance with the strict time deadlines of section 290, and providing a defense whether or not the defendant had also simply forgotten his obligation to register. Mere forgetfulness, however, does not rise to the level of such an objective circumstance preventing compliance with the statute. Whether the obligation has simply slipped the individual's mind is essentially irrelevant, because he was at all times obliged not to let that happen. Without an objective circumstance preventing compliance with the statutory obligation, a mere subjective failure to remember to do so therefore remains 'willful.' [Citations.]" (Fn. omitted.)

The dissenting justice below objected: "The conclusion reached in *Cox* and reaffirmed here—in effect, that a defendant is deemed to know whatever he once knew—is inconsistent with both the language and the reasoning of *Garcia*. In *Garcia* the Supreme Court concluded that 'the court's instructions on "willfulness" should have required proof that, in addition to being formally notified by the appropriate officers as required by section 290, in order to willfully violate section 290 the defendant must actually *know* of his duty to register.' (*Garcia*, *supra*, 25 Cal.4th at p. 754, italics added.) The

court said 'know,' not 'knew' or 'have known.' Implicit in the court's analysis is that the defendant *must* have the necessary knowledge at the time he was required but failed to register—not at some time in the past."

The dissenting justice below read too much into the fact that we used the present tense *know* in *Garcia.* In *Garcia,* we were not considering the question presented here, and it is axiomatic that a decision does not stand for a proposition not considered by the court (*People v. Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619]). Moreover, as the majority below pointed out, "Forgetting something is fundamentally different from not knowing that thing."

The majority below explained: "Although under *Garcia,* knowledge is required for willfulness, forgetting a fact does not negate the preexisting knowledge thereof. To the contrary, forgetfulness *requires* the preexistence of knowledge, since one cannot forget something unless one already knows it. . . . The opposite of knowledge is ignorance. Because knowledge of the registration requirement is a necessary element of the crime as defined by section 290, subdivision (g), in this instance ignorance of the law *must be* a defense to a charge of failing to register under section 290. However, forgetfulness is neither a loss of knowledge, nor a form of ignorance. Although forgetfulness may temporarily or momentarily negate the immediate awareness that one must undertake a given action at a given time, it does not alter or affect the underlying knowledge that such action is required. If someone forgets something he or she already knows, a simple reminder is generally sufficient to restore the preexisting knowledge to awareness. Thus, one may *know* that one has an obligation, even if one has a temporary lapse in awareness thereof at the particular moment the obligation is due to be performed. In contrast, if one does not know something in the first instance, no amount of reminding will bring it to awareness until actual knowledge of the fact is imparted."

Contrary to the reading of it by the dissenting justice below, the legislative history of section 290(g)(2) casts little light on the question whether the willfulness element of the offense may be negated by just forgetting to register.

Section 290 is *"regulatory* in nature, intended to accomplish the government's objective by mandating certain affirmative acts." (*Wright v. Superior Court, supra,* 15 Cal.4th at p. 527, italics added (*Wright*).) In *Morissette v. United States* (1952) 342 U.S. 246, 255–256 [96 L.Ed. 288, 72 S.Ct. 240], the high court explained that many regulatory offenses "are not in the nature of positive aggressions or invasions, with which the common law so often dealt,

but are in the nature of neglect where the law requires care, or inaction where it imposes a duty. Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. . . . [L]egislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion that it might reasonably extract from one who has assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does [no] grave damage to an offender's reputation."

Initially, failure to register as a sex offender was clearly a regulatory offense within the *Morissette* definition. When section 290 was enacted in 1947, violations were misdemeanors with no element of intent. (Stats. 1947, ch. 1124, § 1, p. 2563 ["Any person required to register under the provisions of this section who shall violate any of the provisions thereof is guilty of a misdemeanor"].)

A decade after the enactment of section 290, the United States Supreme Court considered a due process challenge to another registration ordinance—a Los Angeles ordinance requiring the registration of felons—that did not require willfulness for its violation. (*Lambert v. California* (1957) 355 U.S. 225, 227 [2 L.Ed.2d 228, 78 S.Ct. 240] (*Lambert*).) The high court held that "actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction under the ordinance can stand." (*Id.* at p. 229.)

In 1979, two decades after the *Lambert* decision, a willfulness element was for the first time introduced into section 290. All failures to register remained misdemeanors. However, a person convicted of specified sex offenses who "willfully" violated the statute was required to spend at least 90 days in county jail. (§ 290, former subd. (f), as amended by Stats. 1979, ch. 944, § 8, p. 3256.)[2] As introduced, this provision had no element of willfulness. "Any person required to register under the provisions of this section who shall violate any of the provisions thereof is guilty of a misdemeanor *and shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail.*" (Legis. Counsel's Dig., Sen. Bill No. 13 (1979–1980 Reg. Sess.) as introduced Dec. 4, 1978.) The bill was amended seven times before

---

[2] In 1989, willfully failing to register became a felony if the offender had two prior convictions for failure to register. All other failures to register under section 290 remained misdemeanors. (§ 290, former subd. (g)(1), (2), as amended by Stats. 1989, ch. 1407, § 4, pp. 6194–6195.) Since 1994, only willful violations have been punishable. (§ 290, subd. (g)(1), as amended by Stats. 1994, ch. 867, § 2.7, p. 4393.)

the willfulness element was added. (Legis. Counsel's Dig., Sen. Bill No. 13 (1979–1980 Reg. Sess.) as amended Aug. 30, 1979.)

The parties have not drawn our attention to, nor has our research revealed, any explanation in the legislative history as to why the willfulness element was added in the 1979 amendment. *Lambert*, however, provides a basis for speculation. The 1979 amendment provided a greater penalty—at least 90 days in county jail and probation for at least one year—for failure to register by those convicted of specified sex offenses. In light of *Lambert*, the Legislature may have concluded that a conviction carrying the greater penalty would (or should) stand only if, in the words of *Lambert*, "actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply" (*Lambert, supra*, 355 U.S. at p. 229) were shown. The Legislature may have added the willfulness element because it reasoned, as we later reasoned in *Garcia*, that knowledge is a concomitant of willfulness (*Garcia, supra*, 25 Cal.4th at p. 752).

This is speculation, but it has at least some basis. The legislative history, being completely silent on the question why the willfulness element was added by the 1979 amendment, provides no basis whatsoever for the assertion made by defendant—that the Legislature in 1979 intended that the willfulness element might be negated by proof that an offender just forgot to register.

The dissenting justice below finds significance in the fact that subsequent attempts to amend section 290 to delete the willfulness element were unsuccessful. However, unpassed bills, as evidence of legislative intent, have little if any value. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1396 [241 Cal.Rptr. 67, 743 P.2d 1323].)

The dissenting justice below also found significance in the fact that federal income tax law, immigration law, and selective service law recognize the "significant difference between a statute criminally punishing the mere failure to perform a legally required act, as to which forgetting provides no defense, and the willful failure to do so, for which the penalty typically is greater but which is not made out unless the failure reflects a conscious decision not to comply." However, as we explained in *Wright*, in interpreting section 290, it is not particularly helpful to resort to case law arising from "a different statutory scheme addressing a different substantive evil enacted by a different legislative body." (*Wright, supra*, 15 Cal.4th at p. 530.)

Admittedly, the argument that a person cannot be said to *know* something if he or she has forgotten it, for whatever reason, does have a superficial plausibility. However, we agree with *Cox* and the majority below: It

is simply inconceivable the Legislature intended *just forgetting* to be a sufficient excuse for failing to comply with section 290's registration requirements.

"Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808].)" (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 1000 [90 Cal.Rptr.2d 236, 987 P.2d 705].) In the end, we must adopt the construction that is most consistent with the apparent legislative purpose and avoids absurd consequences. (*In re J. W.* (2002) 29 Cal.4th 200, 213 [126 Cal.Rptr.2d 897, 57 P.3d 363]; *Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57]; *People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [96 Cal.Rptr.2d 735, 1 P.3d 52].)

"The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]" (*Barrows v. Municipal Court* (1970) 1 Cal.3d 821, 825–826 [83 Cal.Rptr. 819, 464 P.2d 483]; accord, *Wright, supra,* 15 Cal.4th at p. 527; *People v. McClellan* (1993) 6 Cal.4th 367, 376, fn. 7 [24 Cal.Rptr.2d 739, 862 P.2d 739].) "Plainly, the Legislature perceives that sex offenders pose a 'continuing threat to society' [citation] and require constant vigilance. [Citation.]" (*Wright,* at p. 527.)

"To this end, a convicted sex offender must register not only on conviction, but whenever 'coming into any city, county, or city and county in which he or she temporarily resides or is domiciled . . . .' (§ 290, subd. (a).) Supplemental address change information helps law enforcement agencies keep track of sex offenders who move within the same city or county or are transient. In large cities such as Los Angeles or huge counties like San Bernardino, where offenders can easily relocate without reregistering, section 290(f) seeks to prevent them from disappearing from the rolls. Ensuring offenders are 'readily available for police surveillance' (*Barrows v. Municipal Court, supra,* 1 Cal.3d at p. 825) depends on timely change-of-address notification. Without it law enforcement efforts will be frustrated and the statutory purpose thwarted. The statute is thus regulatory in nature, intended to accomplish the government's objective by mandating certain affirmative acts. *Compliance is essential to that objective; lack of compliance fatal.*" (*Wright, supra,* 15 Cal.4th at p. 527, italics added.)

In *Wright,* we noted with approval an observation made by the district attorney in that case: "[S]ex offenders often have a transitory lifestyle or deliberately attempt to keep their movements secret. Requiring a prosecutor

to prove when the person moved—information uniquely within that individual's knowledge and control—would hinder or even foreclose many prosecutions under section 290(f)." (*Wright, supra,* 15 Cal.4th at p. 529.) Predictably, were we to accept defendant's position, every sex offender charged with failure to register would claim to have forgotten to do so. Defendant makes light of the burden this would entail for the prosecution, asserting the prosecution would be able to present circumstantial evidence of the improbability the offender forgot, such as failure to "respond to reminders." Proving a sex offender failed to update his or her registration within the grace period is straightforward enough, largely a matter of documentary evidence. On the other hand, whether an offender was reminded of the registration obligation and failed to respond to the reminders is information, like information as to when an offender moved, "uniquely within that individual's knowledge and control" (*Wright,* at p. 529). Identifying the sex offender's associates, and then attempting to prove through their testimony that the offender had failed to respond to reminders, would be a burden of an altogether different character and incalculably greater magnitude than the prosecution has heretofore been required to shoulder. Imposing such burden, we believe, cannot have been the Legislature's intent. "Impeding vigorous prosecution can only encourage scofflaws, resulting in further violations and compounding 'the substantive evil [the Legislature] sought [through section 290] to prevent.' [Citation.]" (*Id.* at p. 529.)

In summary, we conclude that countenancing excuses of the sort given by defendant that he *just forgot* about his registration obligation "would effectively 'eviscerate' the statute" just as surely as characterizing violation of the statute as an instantaneous offense would have eviscerated it. (*Wright, supra,* 15 Cal.4th at p. 528.)

We emphasize the limits of our holding. We do not here express an opinion as to whether forgetfulness resulting from, for example, an *acute psychological condition,* or a *chronic deficit of memory or intelligence* might negate the willfulness required for a section 290 violation.[3]

Finally, defendant contends the trial judge made several instructional errors regarding his claim that he forgot to update his registration: "[Defendant] was

---

[3] As previously noted, the majority below, in dictum, opined: "In contrast to the kind of subjective 'forgetfulness' defense argued by appellant here, under the statutory definition of 'willfully' found at section 7, subdivision 1, an omission to act would *not* be 'willful' if objective circumstances beyond the defendant's control prevented him from acting. For example, a debilitating injury, illness or mental infirmity might objectively *prevent* a defendant from registering in timely fashion, thereby rendering 'unwillful' the defendant's failure to register in compliance with the strict time deadlines of section 290, and providing a defense whether or not the defendant had also simply forgotten his obligation to register. [Fn. omitted.]"

denied his rights under the United States and California Constitutions to the due process of law, to a jury trial, and to present a defense by the combination of (a) the court's failure to instruct as to the 'knowledge' element of violation of section 290, (b) the court's instruction to the effect that 'ignorance of the law is not an excuse,' and (c) the court's informing the jury that 'forgetting' is not a defense to violation of section 290."

■ This case was tried in 2000, the year before we issued our opinion in *Garcia*. Therefore, the jury was not instructed, as we held in *Garcia* a jury trying an alleged section 290 violation should be instructed, that willful failure to register requires *actual knowledge* of the duty to register (*Garcia, supra*, 25 Cal.4th at p. 752). However, as it was in *Garcia*, this instructional error here was harmless beyond a reasonable doubt. (*Id.* at p. 755.) The record amply reflects that defendant actually knew of his duty to update his registration within five working days of his birthday. Moreover, in trying the case to the jury, defense counsel effectively conceded the point, arguing, instead, that defendant had simply *forgotten* to update his registration.

As previously stated, the record demonstrates defendant was not only *notified* of his annual registration obligation, but also *actually knew* what his obligation was. In 1996, 1997, and 1998, defendant signed and dated boxes on forms that recited this obligation. Seven months before he committed this offense, defendant again signed a sex offender registration form. On this form he initialed 15 statements advising him of his various registration obligations, including the following statement: "I must, annually, within 5 working days of my birthday, go to the law enforcement agency having jurisdiction over my location or place of residence and update my registration, name, and vehicle registration." When he was arrested for this offense, defendant acknowledged he had not only initialed these advisements but also that he had read and remembered them, although only "vaguely." Asked why he had failed to update his registration within the grace period, defendant responded, "[B]ecause I'm in a program, I'm a house manager," a job that "keeps me busy all the time." Pressed further, he said, "Well, you know what, I totally forgot about it, I'm not going to make up no excuses." Asked whether it was safe to say his annual registration obligation had "[k]ind of just skipped [his] mind," defendant answered, "Yes."

Defense counsel tried this case to the jury on the theory that defendant forgot to register, not that he did not actually know of the obligation. "What did he tell the police? That he forgot. It slipped his mind. Well, you know what, I totally forgot about it. I'm not going to make up no excuses. I was busy. I'm a house manager. I'm in the program. [¶] To find Don Barker not

guilty obviously you need to accept that statement." Defense counsel elaborated on this argument: "I know automatically one would think, how the heck can you forget such an important thing. And it comes up on an important day. For Don Barker, it's a landmark day. It's March 5th. It's his 50th birthday. [¶] The answer I've just given you. He's focused on his issues, his substance abuse, his treatment, his new duties as a house manager. It happens. It happened here. This is not a guy who's on the run. This is not a guy that's in hiding. This is a man that forgot to do what the law requires him to do. Period." "He has a history of registration. . . . It's in evidence. Look at it. This is a guy that does register. In this instance, he forgot."

We turn to defendant's second, related claim of instructional error. In *Garcia*, we held the trial court "erred in giving an 'ignorance of the law is no excuse' instruction (CALJIC No. 4.36), which on its face would allow the jury to convict defendant of failing to register even if he were unaware of his obligation to do so." (*Garcia, supra,* 25 Cal.4th at p. 754.) CALJIC No. 4.36 was *not* given here. However, defendant contends an instruction that was given—CALJIC No. 3.30—was also "clearly an 'ignorance of the law is no excuse' instruction, inappropriate in a registration case."

CALJIC No. 4.36 (Jan. 2004 ed.) states: "When the evidence shows that a person voluntarily did that which the law declares to be a crime, it is no defense that [he] [she] did not know that the act was unlawful or that [he] [she] believed it to be lawful." In accordance with CALJIC No. 3.30, the jury here was instructed: "In the crimes charged in the information, there must exist a union or joint operation of act or conduct and general criminal intent. General criminal intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful."

Defendant's position is supported by *People v. Edgar* (2002) 104 Cal.App.4th 210 [127 Cal.Rptr.2d 662]. "The trial court in this case gave the same willfulness instruction found inadequate in *Garcia*. (See CALJIC No. 1.20.) Furthermore, like the 'ignorance of the law is no excuse' instruction (CALJIC No. 4.36) given in *Garcia*, the general intent instruction given here (CALJIC No. 3.30) 'on its face would allow the jury to convict [appellant] of failing to register even if he were unaware of his obligation to do so.' (*People v. Garcia, supra,* 25 Cal.4th at p. 754.) We therefore find that the instructions given in this case also were erroneous in that they failed to clearly state that a conviction required actual knowledge of the duty to register. (*Ibid.*)" (*Edgar*, at p. 219; accord, *People v. Poslof* (2004) 119 Cal.App.4th 215, 223–226 [14 Cal.Rptr.3d 151]; *People v. Jackson* (2003) 109 Cal.App.4th 1625, 1634–1635 [1 Cal.Rptr.3d 253].)

While the dissenting justice below agreed with *Edgar*, the majority did not. "In short, we conclude that, read in combination with the CALJIC No. 1.20 instruction on willfulness, the trial court's general intent instruction pursuant to CALJIC No. 3.30 did not mislead the jury. 'The general intent instruction required an "intentional" failure to register. The "willful" instruction required a "purpose or willingness" to make the omission.' (*People v. Johnson* [(1998)] 67 Cal.App.4th [67,] 73 [78 Cal.Rptr.2d 795].) Together, these two instructions correctly informed the jury that in order to be convicted of violating section 290, appellant had to have knowledge that he was required to register. There was no error."

We agree with *Edgar* that a jury might take the same lesson from CALJIC No. 3.30 as from CALJIC No. 4.36—that a defendant may be guilty of violating section 290 even if unaware of his or her obligation to register. However, for the reasons stated above, we conclude the error here was harmless beyond a reasonable doubt. The record amply reflects defendant was aware of his registration obligation, and his counsel did not claim the contrary in trying the case to the jury. (See *Garcia*, *supra*, 25 Cal.4th at pp. 754–755.)

Defendant's last claim of instructional error arises from the trial court's response to a question asked by the jury. In a note, the jury asked, "Is forgetting to regester [*sic*] a 'willful' act according to the law." The judge instructed them: "[F]orgetting to register by itself does not provide a defense to a charge of willful failure to register." We have concluded the willfulness element of a section 290 violation may not be negated by just forgetting to register. Accordingly, in the circumstances of this case, the instruction in question was not erroneous. Again, we express no opinion as to whether the instruction would be erroneous where a defendant's forgetfulness allegedly arose from an acute psychological condition, or a chronic deficit of memory or intelligence.

CONCLUSION

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**KENNARD, J.,** Dissenting.—Penal Code section 290[1] requires a person convicted of a sex offense to register with law enforcement authorities as a convicted sex offender. The registration must be updated within five working days of the offender's birthday. (§ 290, former subd. (a)(1)(C), now-subd. (a)(1)(D).) If the sex crime that gave rise to the registration requirement

---

[1] All further statutory citations are to this code.

was a felony, a "willful" failure to update the registration is also a felony. (*Id.*, subd. (g)(2).)

I disagree with the majority's holding that an offender who inadvertently is one day late in updating his already registered address has *willfully* violated section 290.

## I

Twenty-five years ago, defendant was convicted of three forcible sex offenses, for which he was sentenced to prison and ordered to register as a sex offender for the rest of his life.

In the year 2000, defendant was living in San Mateo at Project 90, a rehabilitation project for alcohol and drug abusers. He had registered with the San Mateo Police Department, giving Project 90 as his address. Because his birthday was March 5, he was statutorily required to update his registration by March 10, the fifth working day after his birthday. He did not do so. On the morning of March 13, which was a Monday and the first working day after the time to update his registration expired, a San Mateo police officer called Project 90 and left a recorded message asking to speak to defendant. Defendant returned the call in 15 minutes and appeared at the police station within an hour. He said he had forgotten to update his registration.

Although defendant was only a day late in updating his registration, he was arrested and charged with violating section 290. At trial, the jury submitted this question during its deliberations: "Is forgetting to regester [*sic*] a 'willfull' [*sic*] act according to the law." The trial court responded that "forgetting to register by itself does not provide a defense to a charge of willful failure to register." The jury convicted defendant of violating section 290. Because of defendant's prior. felony convictions, the trial court could have sentenced him to 25 years to life under the "Three Strikes" law. Instead, the court struck all but one of his prior convictions and sentenced him to nine years in prison.

## II

Subdivision (g)(2) of section 290 provides that with exceptions not relevant here, "any person who is required to register under this section based on a felony conviction . . . who *willfully* violates any requirement of this section . . . is guilty of a felony . . . ." (Italics added.) At issue is whether a defendant who initially knew of the duty to update the registration within five working days of his or her birthday, but who forgets to do so in that period, has *willfully* violated section 290.

Pertinent here is *People v. Garcia* (2001) 25 Cal.4th 744 [107 Cal.Rptr.2d 355, 23 P.3d 590] (*Garcia*). There, the defendant argued that for an offender to "willfully" violate section 290 the offender must have actual knowledge of the duty to do so. This court unanimously[2] agreed.

Unlike the defendant in *Garcia*, who claimed he never learned of the duty to register, defendant here admits he knew he had to update his registration but says he forgot he had to do so within the requisite five days after his birthday. Although *Garcia* is factually distinguishable, its reasoning is dispositive here. *Garcia* explained: "Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. As stated in *People v. Honig* (1996) 48 Cal.App.4th 289, 334 [55 Cal.Rptr.2d 555], 'the term "willfully" . . . imports a requirement that "the person *knows what he is doing*." ' " (*Garcia, supra*, 25 Cal.4th at p. 752, italics added.)

Forgetting to do something means an inadvertent failure to do something. That is the opposite of a purposeful or willful failure to act. "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to." (§ 7.) A "willful" omission to perform a duty imposed by law, such as the duty to register as a sex offender, is an *intentional* omission, not an omission caused by negligence, inadvertence, or forgetfulness. (See, e.g., *Boags v. Municipal Court* (1987) 197 Cal.App.3d 65, 71 [242 Cal.Rptr. 681] [a public officer's "willful omission" to perform a legal duty means "a willing intentional omission" to perform the duty].) A willful act is one done " 'intentionally or purposely as distinguished from accidentally or negligently . . . .' " (Black's Law Dict. (7th ed. 1999) p. 1593, quoting Perkins & Boyce, Criminal Law (3d ed. 1982) pp. 875–876.) Here, defendant's inadvertent failure to register timely was unquestionably negligent, but it was not willful.

## III

Section 290 is a regulatory offense. (Maj. opn., *ante*, at p. 354; see also *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101].) Such offenses often require a degree of culpability that is less than the criminal negligence customarily required for conviction of a crime. This court has "assumed" that regulatory offenses with such reduced culpability levels "are constitutionally permissible where the purpose is to protect public

---

[2] Although I authored a concurring and dissenting opinion in *Garcia*, I disagreed only with the majority's conclusion that the instructional error in that case was harmless. (*Garcia, supra*, 25 Cal.4th at pp. 759–762 (conc. & dis. opn. of Kennard, J.).)

health and safety and the penalties are *relatively light.*" (*People v. Simon* (1995) 9 Cal.4th 493, 521 [37 Cal.Rptr.2d 278, 886 P.2d 1271], italics added.)

But the penalties for violating section 290's registration requirements are anything but light. Many sex offenders charged with failing to update their registration have two or more prior convictions that qualify as "strikes" under the Three Strikes law (§§ 667, subds. (b)–(f), 1170.12), because most sex offenses are strikes (see §§ 667.5, subd. (b) [listing crimes qualifying as strikes], 1192.7, subd. (c) 94 [same]), and because even a single sexual assault involving a single victim often results in convictions on multiple counts, each of which is a strike (see generally *People v. Harrison* (1989) 48 Cal.3d 321 [256 Cal.Rptr. 401, 768 P.2d 1078]). Thus, many violators of section 290 face sentences of 25 years to life under the Three Strikes law. To impose such a sentence on defendants who *inadvertently* fail to timely update their registrations, a degree of culpability below that of criminal negligence, may violate the state Constitution's prohibition of cruel or unusual punishment (Cal. Const., art. I, § 17) or the federal Constitution's prohibition of cruel and unusual punishment (U.S. Const., 8th Amend.).[3]

When a statute is susceptible to two constructions, one of which raises serious constitutional questions, courts construe the law to avoid such questions. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 509 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Therefore, I would construe the term "willfully" in section 290 as not applying to a convicted sex offender who inadvertently does not register timely with the police.

## IV

In holding that forgetting to update registration as a convicted sex offender is a *willful* violation of section 290, the majority relies on a Court of Appeal decision, *People v. Cox* (2002) 94 Cal.App.4th 1371 [115 Cal.Rptr.2d 123]. Quoting *Cox*, the majority states: " 'A spouse may forget a wedding anniversary, a patient a medical appointment; such lapses arise not from a lack of actual knowledge but a failure to respond to cues. Persons keep calendars and appointment books, ask others to remind them of duties and obligations and

---

[3] In *People v. Carmony* (2004) 33 Cal.4th 367 [14 Cal.Rptr.3d 880, 92 P.3d 369], the defendant was convicted of violating section 290 and sentenced to a term of 25 years to life in prison based on his failure to update his registration as a sex offender within five days of his birthday, which the defendant claimed was inadvertent. After addressing other unrelated issues, this court remanded the case to the Court of Appeal to consider the defendant's contention that his sentence violated the state and federal Constitutions' prohibitions against cruel and/or unusual punishment. (*Id.* at p. 380, fn. 6.) The question whether the defendant's sentence violated those constitutional provisions was not before this court in *Carmony*. Nor was the question at issue here: the meaning of the term "willfully" as used in section 290.

tie strings around their fingers all to insure that important responsibilities are met. We conclude that within this context one willfully fails to register when possessed of actual knowledge of the requirement he or she forgets to do so.' " (Maj. opn., *ante*, at p. 352.)

In response, I quote the observation by the dissenting Court of Appeal justice in this case: "One who forgets to do something—such as celebrate a wedding anniversary, or keep a medical appointment, using the examples in *Cox*—does not *willfully* insult their spouse or *willfully* stand up their doctor. Whatever the consequences of such an inadvertent omission may be, if one has forgotten, the omission is not willful."

The majority fears that, unless inadvertently failing to register is treated as a violation of section 290, offenders who *choose not to register* will falsely claim they forgot to do so, thus making it hard for prosecutors to prove their guilt. (See maj. opn., *ante*, at pp. 357–358.) Such a claim, however, will succeed only if the jury believes it. Jurors are notoriously reluctant to attach great credibility to the testimony of convicted sex offenders. Also, the longer the delay in registering, the less credible the claim of "I forgot" becomes.

When, as here, the offender was only one day late in updating the registration, it may indeed be more difficult to establish that the violation was willful under section 290. Why shouldn't it be? It may be just as difficult to prosecute for willful tax evasion a taxpayer who is one day late in filing a mandatory tax return. (See 26 U.S.C. § 7203 [a person who "willfully" fails to pay taxes is guilty of a misdemeanor].) In this case, defendant's claim that he forgot to update his registration was highly credible: He was working as a house manager at Project 90, he responded immediately to the telephone call from the police, and he was only one day late in updating his registration. At sentencing, the trial court found that there was no evidence that defendant had deliberately tried to conceal his whereabouts from the police.

The majority's holding defeats the purpose of section 290's registration requirement, which is "to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." (*Barrows v. Municipal Court* (1970) 1 Cal.3d 821, 825–826 [83 Cal.Rptr. 819, 464 P.2d 483].) As a result of the majority's holding, a person who genuinely forgets to register on time is likely to go into hiding to avoid arrest, particularly when facing, like defendant here, a sentence of 25 years to life under the Three Strikes law. In making it more difficult to track down these offenders, the majority has frustrated the Legislature's goal of making those individuals "readily available for police surveillance at all times." (*Ibid.*)

## Conclusion

That people may forget to do things they sincerely want and intend to do is a matter of common experience. Forgetting cannot be willed; it is an unplanned malfunction of the conscious mind. For this reason, a person who intends to do something, but forgets to do it, has not *willfully* failed to do that thing. Thus, I disagree with the majority that a person may commit the criminal offense of "willfully" violating the sex offender registration law—a crime for which a defendant may spend the rest of his life in prison—by mere forgetfulness.

I would reverse the judgment of the Court of Appeal.

Appellant's petition for a rehearing was denied September 29, 2004. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.